**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 15 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RICHARD GREENLEE,

Plaintiff - Appellant,

vs.

UNITED STATES POSTAL
SERVICE; THE STATE OF
KANSAS,

Defendants - Appellees.

No. 03-3226
(D.C. No. 95-CV-2525-JWL)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **BRISCOE**, and **LUCERO**, Circuit Judges.[**]

Plaintiff-Appellant Richard Greenlee appeals from the district court's

denial of his motion under Fed. R. Civ. P. 60(b) for relief from dismissal of his

action against the postal service. The parties are familiar with the facts and we

need not restate them here. Suffice it to say that Mr. Greenlee sought to reinstate

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

an action that had been dismissed without prejudice (for lack of service) more than seven years earlier. He sought to appeal the same dismissal almost two years later, but the appeal was dismissed for lack of jurisdiction. Greenlee v. United States Postal Serv., No. 98-3052 (10th Cir. May 27, 1998). Thereafter came this motion.

The district court determined that if the motion was construed as arising under Fed. R. Civ. P. 60(b)(1), it was untimely because it was not made within a year from the underlying judgment. Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 393 (1993). If construed as arising under Fed. R. Civ. P. 60(b)(6), the motion was not made within a reasonable time. See Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 863 (1988) (reasonable time requirement). Our review is for an abuse of discretion. Browder v. Director, Dept. of Corrections, 434 U.S. 257, 263 n.7 (1978). The district court did not abuse its discretion.

AFFIRMED. All pending motions and requests for relief are denied.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge
