**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 18, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

RICHARD GREENLEE,

       Plaintiff-Appellant,

  v.

UNITED STATES POSTAL
SERVICE,

       Defendant-Appellee.

No. 05-3269
(D.C. No. 04-CV-2570-MLB)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH, McKAY**, and **BALDOCK**, Circuit Judges.

Richard Greenlee, proceeding pro se, appeals the order entered by the

district court dismissing his initial and amended complaints with prejudice under

Fed. R. Civ. P. 12(b)(6).[1] The district court dismissed the complaints after

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1] The district court also dismissed Mr. Greenlee's complaints without

(continued...)

Mr. Greenlee failed to demonstrate in response to an order to show cause that he had pled a claim upon which relief could be granted. In fact, the district court found not only that Mr. Greenlee had failed to state a cognizable legal claim, but that his allegations were "fanciful and delusional." R., Vol. 1, Doc. 8 at 2.

We review de novo the district court's dismissal of an action under Rule 12(b)(6). *See Beck v. City of Muskogee Police Dep't*, 195 F.3d 553, 556 (10th Cir. 1999). Under Rule 12(b)(6), a complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quotation omitted). In making this determination, we "presume[] all of plaintiff's factual allegations are true and construe[] them in the light most favorable to the plaintiff." *Id.*

It is also well established that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Id.* at 1110. This liberal treatment is not unlimited, however, and "[t]his court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor*

---

[1](...continued)
prejudice due to his failure to accomplish timely service on defendant as required by Fed. R. Civ. P. 4(m). Because we are affirming the district court's alternative with prejudice dismissal under Rule 12(b)(6), we do not need to address this aspect of the district court's order.

*Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quotation omitted). As a result, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall*, 935 F.2d at 1110. In addition, we will not "take on the responsibility of serving as the [pro se] litigant's attorney in constructing arguments and searching the record." *Garrett*, 425 F.3d at 840.

Having reviewed the virtually incomprehensible allegations that are set forth in Mr. Greenlee's notice of appeal, his opening brief, the several "complaints" he filed in the district court, both before and after this appeal was commenced, and his response to the district court's show cause order, we agree with defendant that Mr. Greenlee has "failed to state a claim on which relief may be granted because the complaint[s] consisted of fanciful allegations that, even if . . . true, could not establish that the Postal Service violated any legal obligation owed to [him]." Aplee. Br. at 2. Instead, as aptly summarized by defendant, "[t]he gravamen of his pleadings, echoed in his brief on appeal, is that unidentified third parties seek to injure him in various ways with a variety of weapons, and he appears to seek the help of the Postal Service and possibly other government agencies to protect him." *Id.* at 6-7. This is insufficient to state a claim against defendant under federal law, however, as Mr. Greenlee has "not allege[d] either that anyone at the Postal Service is the party attempting to hurt

him or that the Postal Service has a duty to seek out [his] alleged attackers;

indeed he acknowledges that he does not work for the Postal Service."[2] *Id.*

The judgment of the district court is AFFIRMED.

Entered for the Court
PER CURIAM

---

[2] Although Mr. Greenlee's pleadings indicate that he worked for the Postal Service in the past, he has not asserted a claim for relief in this case that is based on his past employment.