**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 7, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RICHARD GREENLEE,

       Plaintiff-Appellant,

v.

UNITED STATES POSTAL
SERVICE,

       Defendant-Appellee.

No. 06-3347 & 07-3029
(D.C. No. 05-CV-2509-JWL &
06-CV-2167-CM)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

     Richard Greenlee, proceeding pro se, appeals the district court's dismissal of two separate but substantially similar actions asserting various claims against the United States Postal Service ("Postal Service"). We consolidate these appeals for the purposes of judgment and now **AFFIRM** the district court's decision.

---

[*]The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

These actions are the fourth and fifth suits that Greenlee has filed against the Postal Service, Greenlee's former employer.[1] The crux of Greenlee's two complaints, like those in his prior three actions, appears to be that the Postal Service caused (or failed to protect him from) "the stalling out of his transportation on numerous occasions by the military and defense [satellite] systems," broke into his truck with a master key, and used postal employees and patrons to spy on him.

In the first of these two actions, the Postal Service moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Granting the 12(b)(1) motion, the district court concluded that it lacked subject matter jurisdiction over any plausible construction of Greenlee's claims. It then denied the Postal Service's motion for filing restrictions against Greenlee, but cautioned a different result if "plaintiff files yet another case with similar unintelligible and delusional allegations against the defendant."

Greenlee brought the second of these two actions just six months after filing the first action, leveling the same general allegations.[2] In granting the

---

[1] This court has affirmed dismissals of Greenlee's prior actions in Greenlee v. U.S. Postal Serv., No. 94-3139, 1995 WL 3960 (10th Cir. Jan. 4, 1995); Greenlee v. U.S. Postal Serv., 83 F. App'x 308 (10th Cir. 2003); and Greenlee v. U.S. Postal Serv., 176 F. App'x 927 (10th Cir. 2006).

[2] The two actions were docketed with different district judges. It is unclear if the judge in the first action knew of the second action at the time he denied filing restrictions.

Postal Service's 12(b)(6) motion, the district court concluded that Greenlee's complaint was barred by collateral estoppel. In addition, the court granted the Postal Service's motion for filing restrictions because Greenlee's claims had now "become overlapping in addition to 'delusional.'"[3]

As we have noted on many occasions, "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). To survive a motion to dismiss under Rules 12(b)(1) and (6), however, the pleadings must nonetheless state a basis for subject matter jurisdiction and an actionable claim. Fed. R. Civ. P. 12(b)(1), (6). We have again reviewed the virtually incomprehensible allegations that are set forth in Greenlee's filings, and again agree with the district court that Greenlee's complaints fall well short of this standard.

Like the district court, we construe the bulk of Greenlee's claims as arising in tort. Although Congress has generally waived the Postal Service's inherent sovereign immunity, tort claims against the Postal Service must be brought pursuant to the Federal Tort Claims Act ("FTCA"). See 39 U.S.C. § 409(c); Dolan v. U.S. Postal Serv., 546 U.S. 481, 484 (2006). To the extent that Greenlee

---

[3] Greenlee appears to challenge these filing restrictions in his reply brief. However, given the frequency, redundancy, heft, and sheer implausibility of Greenlee's complaints, these modest restrictions are more than appropriate to protect the limited resources of the district court as well our own. See Winslow v. Hunter, 17 F.3d 314, 315 (10th Cir. 1994).

asserts that the Postal Service neglected to protect him from the nefarious actions of other federal entities, he has failed to demonstrate timely exhaustion of his administrative remedies under the FTCA. See 28 U.S.C. § 2401(b). The district court thus lacks jurisdiction over these claims. See 28 U.S.C. § 2675(a). As for Greenlee's allegations that the Postal Service has intentionally and directly harmed him and his property, his claims fall outside the FTCA—and the district court's jurisdiction—because of the FTCA's intentional tort exception. See 28 U.S.C. § 2680(h); Estate of Trentadue ex rel. Aguilar v. United States, 397 F.3d 840, 853-54 (10th Cir. 2005).

The remainder of Greenlee's claims, cryptically citing several employment antidiscrimination statutes, relate to his termination by the Postal Service and its subsequent refusal to rehire him. Given that Greenlee was terminated over fifteen years ago and has failed to plead exhaustion of his administrative remedies, he has not satisfied the jurisdictional requirements of Title VII, see 42 U.S.C. § 2000e-16(c) (civil actions must be filed within 90 days of a final determination by the EEOC), the Age Discrimination in Employment Act ("ADEA"), see 29 U.S.C. § 633a(b)(3); Jones v. Runyon, 32 F.3d 1454, 1456 (10th Cir. 1994) (applying Title VII's exhaustion requirement and limitations period to the ADEA), or the Americans with Disabilities Act ("ADA") and Rehabilitation Act, see Barnes v. Gorman, 536 U.S. 181, 184-85 (2002) (the Rehabilitation Act's procedures govern ADA claims against federal employers); Johnson v. Orr, 747 F.2d 1352,

1356-57 (10th Cir. 1984) (applying Title VII's jurisdictional requirements to the Rehabilitation Act). Nor will construing his arguments as arising under the Due Process Clause establish jurisdiction, as sovereign immunity bars <u>Bivens</u> claims against federal agencies. <u>See</u> <u>FDIC v. Meyer</u>, 510 U.S. 471, 484-85 (1994).

Because Greenlee's two actions raise effectively identical allegations and arguments, the district court lacks subject matter jurisdiction over the second action for the same reasons. We therefore need not consider whether his claims in the second action were also barred by collateral estoppel.

With regard to his "motion to set off or counterclaim," we gather that Greenlee wishes to assert additional damages because the Clerk of Court allegedly failed to respond to a motion for extension of his time to file a reply brief. Leaving aside the dubious substantive merits of the motion, the court did grant Greenlee's requested extension a week before he filed the motion. Greenlee's motion is therefore moot.

For these reasons, the judgment of the district court is **AFFIRMED**, and Greenlee's "motion to set off or counterclaim" is **DENIED**.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge


- 5 -