**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 19, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

RICHARD H. GREENLEE,

　　　　Plaintiff-Appellant,

v.

UNITED STATES POSTAL
SERVICE,

　　　　Defendant-Appellee.

No. 08-3330
(D.C. No. 2:08-CV-02479-CM-DJW)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **O'BRIEN**, **PORFILIO**, and **TYMKOVICH**, Circuit Judges.

---

Richard Greenlee appeals pro se the district court's dismissal of his

complaint against the United States Postal Service (USPS), his former employer.

He has filed an application under 28 U.S.C. § 1915 to proceed in forma pauperis

(ifp) in this appeal. Exercising jurisdiction under 28 U.S.C. § 1291, we deny his

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

application to proceed ifp and dismiss his appeal as frivolous. We also impose appellate filing restrictions on Mr. Greenlee.

## *Background*

The district court imposed filing restrictions on Mr. Greenlee in 2007, stating that "[b]ecause plaintiff has disregarded prior warnings and continues to pursue claims against [USPS] that have been dismissed and described as 'delusional,' filing restrictions are appropriate." *Greenlee v. U.S. Postal Serv.*, No. 06-2167-CM, 2007 WL 141016, at *6 (D. Kan. Jan. 17, 2007) (unpublished). The court restricted Mr. Greenlee from filing future complaints against USPS as follows:

> Plaintiff is prohibited from filing another case in this district against this defendant, unless he is represented by counsel or, if he proceeds pro se unless he provides a notarized affidavit that verifies with particularity that the new action is commenced on grounds that are distinguishable from those previously dismissed. Any proposed complaint against defendant must list all previous actions against defendant and provide notice of this filing restriction. Upon compliance with these requirements, the court will review the complaint and determine whether it should be accepted for filing.

*Id.* This court concluded on appeal that "given the frequency, redundancy, heft, and sheer implausibility of Greenlee's complaints, these modest restrictions are more than appropriate to protect the limited resources of the district court as well as our own." *Greenlee v. U.S. Postal Serv.*, 247 F. App'x 953, 954 n.3 (10th Cir. 2007). Mr. Greenlee filed a new complaint against USPS in October 2008. The district court examined the complaint, found that it failed to comply with the

filing restrictions, and dismissed it sua sponte without prejudice.  Mr. Greenlee
appeals that ruling.

### *Denial of Leave to Proceed IFP on Appeal and Dismissal of Appeal as Frivolous*

We have authority to deny an ifp application and dismiss a frivolous
appeal, without reaching the merits, when the appellant seeks to proceed ifp.  *See
Hunt v. Downing*, 112 F.3d 452, 453 (10th Cir. 1997).  Under 28 U.S.C.
§ 1915(e)(2)(B)(i), a "court shall dismiss the case at any time if the court
determines that . . . the action or appeal . . . is frivolous."  "An appeal is frivolous
when the result is obvious, or the appellant's arguments of error are wholly
without merit."  *Olson v. Coleman*, 997 F.2d 726, 728 (10th Cir. 1993)
(quotations omitted); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989)
("[A]n appeal on a matter of law is frivolous where none of the legal points are
arguable on their merits." (quotation and brackets omitted)).

We liberally construe a pro se appellant's appeal briefs.  *Garrett v. Selby
Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  In his 34-page
appeal brief, Mr. Greenlee appears to make two references to the district court's
filing restrictions.  But even affording him a liberal construction, we conclude
that he presents no argument of error in the district court's conclusion that he
failed to comply with the restrictions in filing his October 2008 complaint.  Nor
can we identify any non-frivolous argument in favor of reversing that decision.

Therefore, we deny Mr. Greenlee's application to proceed ifp and dismiss his appeal. *See Hunt*, 112 F.3d at 453 (10th Cir. 1997).

### *Appellate Filing Restrictions*

Mr. Greenlee is a frequent filer in this court, as well as in the district court. Before his October 2008 complaint, he had filed five other pro se complaints against USPS. *See Greenlee*, 247 F. App'x at 953-54. Mr. Greenlee appealed the district court's dismissal of each of those complaints. This court either affirmed the dismissals, *see id.* at 953-54 & n.1, or affirmed the district court's denial of his motion under Fed. R. Civ. P. 60(b), *see Greenlee v. U.S. Postal Serv.*, 83 F. App'x 308, 308-09 (10th Cir. 2003). This is the seventh appeal Mr. Greenlee has filed with this court.[1]

We conclude that Mr. Greenlee's previous appellate filings warrant imposing limited restrictions upon him with respect to further pro se filings with this court.

> Federal courts have the inherent power to regulate the activities of
> abusive litigants by imposing carefully tailored restrictions in
> appropriate circumstances. An injunction limiting further filings
> may be imposed where the litigant's lengthy and abusive history is
> set forth; the court provides guidelines as to what the litigant may do

---

[1] Mr. Greenlee's prior appeals involving claims against USPS include case numbers 94-3139, 98-3052, 03-3226, 05-3269, 06-3347, and 07-3029. In addition, he filed another pro se complaint against USPS in May 2009, which the district court dismissed as frivolous. He appealed that decision—filing his eighth appeal in this court—but because he failed to file a brief, we dismissed the appeal for failure to prosecute. *See* case number 09-3146.

> to obtain its permission to file an action; and the litigant receives notice and an opportunity to oppose the court's order before it is implemented.

*Ford v. Pryor*, 552 F.3d 1174, 1180 (10th Cir. 2008) (citation and quotations omitted) (imposing filing restrictions after plaintiff raised frivolous and repetitive claims in four appeals). "[A] distinction has been made between indiscriminate filers and those who have limited their repetitive filings to a particular subject. Under [the latter] circumstances, the filing restrictions have been limited to the subject matter of the previous lawsuits." *Id.* at 1181 (citation omitted).

The district court restricted Mr. Greenlee's future filings only as to claims against USPS. We conclude that appellate filing restrictions of that limited scope are also appropriate. Therefore, in order to proceed pro se in this court in any appeal or original proceeding filed against USPS, Mr. Greenlee must provide the court with:

1. A list of all appeals or original proceedings filed against USPS, whether currently pending or previously filed with this court, including the name, number, and citation, if applicable, of each case, and the current status or disposition of each appeal or original proceeding; and

2. A notarized affidavit, in proper legal form, which recites the issues he seeks to present, including a short discussion of the legal basis asserted therefor, and describing with particularity the order being challenged. The affidavit must also certify, to the best of Mr. Greenlee's knowledge, that the legal arguments

being raised are not frivolous or made in bad faith, that they are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, that the appeal or original proceeding is not interposed for any improper purpose, such as delay or to needlessly increase the cost of litigation, and that he will comply with all appellate and local rules of this court.

These filings shall be submitted to the Clerk of the court, who shall forward them for review to the Chief Judge or his designee, to determine whether to permit Mr. Greenlee to proceed with a pro se appeal or original proceeding. Without such authorization, the matter will be dismissed. If the Chief Judge or his designee authorizes a pro se appeal or original proceeding to proceed, an order shall be entered indicating that the matter shall proceed in accordance with the Federal Rules of Appellate Procedure and the Tenth Circuit Rules.

Mr. Greenlee shall have ten days from the date of this order and judgment to file written objections, limited to fifteen pages, to these proposed filing restrictions. If Mr. Greenlee does not file timely objections, the filing restrictions shall take effect twenty days from the date of this order and judgment. If Mr. Greenlee does file timely objections, these filing restrictions shall not take effect unless the court rules against Mr. Greenlee on his objections, in which case these filing restrictions shall apply to any matter filed in this court after that ruling.

*Conclusion*

Mr. Greenlee's application to proceed ifp on appeal is DENIED and his appeal is DISMISSED. His objections, if any, to the proposed filing restrictions described above are due within TEN DAYS of the date of this order and judgment.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge