**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 23, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

INARA CEDRINS,

      Plaintiff - Appellant,

v.

USCIS; ICE; HOMELAND
SECURITY,

      Defendants - Appellees.

No. 10-2048
(D.C. No. 6:09-CV-01027-MV-RLP)
(D.N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **EBEL**, and **LUCERO**, Circuit Judges.[**]

---

Plaintiff-Appellant Inara Cedrins, appearing pro se, appeals from the

district court's dismissal of her Freedom of Information Act (FOIA) claims

against Defendant-Appellees, three federal agencies. The district court dismissed

her complaint for, among other things, violating its order not to file any pro se

complaints without prior permission. 1 R. 25-28. We deny Ms. Cedrins's motion

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

for leave to proceed in forma pauperis (IFP status) and dismiss the appeal.

Background

After Ms. Cedrins filed a series of frivolous, abusive, and repetitive pro se complaints in 2009, the district court issued an order instructing Ms. Cedrins that she must not file any more pro se complaints without the written permission of the Chief United States Magistrate Judge for the District of New Mexico.  1 R. 21-23; see Order Adopting the Magistrate's Report and Recommendations, Dismissing Action with Prejudice, and Prohibiting Further Filings without Permission, Cedrins v. Shrestha, 1:09-cv00687-JAP-RHS, (D.N.M. Oct. 27, 2009) (Doc. 15).  Ms. Cedrins did not appeal this order.  Docket, Cedrins v. Shrestha, 1:09-cv00687-JAP-RHS (D.N.M. accessed June 8, 2010).

Instead, she "ignored this instruction, and filed the instant suit the following day."  1 R. 21.  Her complaint requested, among other things, an order compelling the agencies to produce immigration records under FOIA.  1 R. 6, 8.

The magistrate judge recommended that the court sua sponte dismiss her complaint on the merits and noted that the Ms. Cedrins had not complied with the court's filing restrictions.  1 R. 20-23.  He nevertheless recommended granting IFP status allowing her to proceed without prepayment of fees and costs.  1 R. 22. The district court adopted the report and recommendation, except for the recommendation to grant IFP status, as Ms. Cedrins's claims were both frivolous

and filed in violation of the court's order. 1 R. 25-28. The district court noted that the Clerk's office should not have filed the complaint but rather should have issued a notice of deficiency. 1 R. 27 n.1. Ms. Cedrins now appeals the dismissal of her complaint and seeks IFP status.

## Discussion

In IFP cases, a "court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). Under this statute, we must dismiss an appeal that "is found frivolous in connection with a procedural review of the appellant's right to proceed in forma pauperis." Stafford v. United States, 208 F.3d 1177, 1179 n.4 (10th Cir. 2000). "An appeal is frivolous when the result is obvious, or the appellant's arguments of error are wholly without merit." Ford v. Pryor, 552 F.3d 1174, 1180 (10th Cir. 2008) (citation and internal quotation marks omitted). When we dismiss a case under this section, we do not reach the merits of the appeal. See generally Denton v. Hernandez, 504 U.S. 25, 34 (1992).

Here, we do not reach the merits of Ms. Cedrins's claims because the district court's filing restrictions barred her from bringing this action. Ms. Cedrins makes no argument as to why the filing restrictions did not bar her complaint. Her brief focuses exclusively on the merits of her claims. Aplt. Br. at 1-4. Because she does not dispute this independent basis for the district court's

decision, her appeal is frivolous, and there is no reason to reverse the district court.  See Greenlee v. U.S. Postal Serv., 351 F. App'x 263, 265 (10th Cir. 2009) (dismissing an appeal as frivolous when an IFP litigant ignored district court filing restrictions).

We DISMISS the appeal and DENY IFP status.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge