FILED
United States Court of Appeals
Tenth Circuit

August 20, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENKT CIRCUIT

KENT NORMAN, a/k/a ROBERT
KETCHUM, a/k/a ROBERT H.
KETCHUM, a/k/a R.H. KETCHUM,
a/k/a BOB KETCHUM, a/k/a KENT
C. NORMAN, a/k/a KENT CHARLES
NORMAN,

      Plaintiff-Appellant,

v.

SOCIAL SECURITY
ADMINISTRATION,

      Defendant-Appellee.

No. 10-1192
(D.C. No. 1:10-CV-00901-ZLW)
(D. Colo.)

KENT NORMAN, a/k/a Robert
Ketchum, a/k/a Robert H. Ketchum,
a/k/a R.H. Ketchum, a/k/a Bob
Ketchum, a/k/a Kent C. Norman, a/k/a
Kent Charles Norman,

      Plaintiff-Appellant,

v.

BILL RITTER, Governor of Colorado;
ATTORNEY GENERAL OF
COLORADO; COUNTY OF
PUEBLO; CITY OF PUEBLO;
MINNEQUA MEDI CENTER,

      Defendants-Appellees.

No. 10-1196
(D.C. No. 1:10-CV-00883-ZLW)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **GORSUCH**, and **HOLMES**, Circuit Judges.

---

Plaintiff-Appellant Kent Norman, appearing pro se, appeals from the district court's dismissal of his two complaints. Based on Mr. Norman's failure to abide by the filing requirements to which he was subject, the district court dismissed the cases without prejudice. We deny Mr. Norman's motions for leave to proceed *in forma pauperis* ("IFP") and dismiss the appeals.[1]

## BACKGROUND

In response to Mr. Norman's "flurry" of frivolous, abusive, and repetitive pro se complaints from 1989–91, the district court issued an order instructing him not to file any more complaints "without the representation of any attorney

---

[*]  This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

After examining the briefs and the appellate record, this three-judge panel determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

[1]  This court, on its own motion, has consolidated these appeals for disposition. Because Mr. Norman proceeded pro se in the district court and on appeal, we give his filings a liberal construction, but we do not act as his advocate, and his pro se status does not relieve him of the obligation of complying with procedural rules. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

licensed to practice in the State of Colorado and admitted to practice in th[e district] court, unless [he] first ha[d] obtained leave of the court to proceed *pro se* in accordance with specific procedures." *Ketchum v. Cruz*, 775 F. Supp. 1399, 1404 (D. Colo. 1991). Mr. Norman appealed this order, and we affirmed this filing restriction on appeal. *See Ketchum v. Cruz*, 961 F.2d 916, 921 (10th Cir. 1992).

However, Mr. Norman failed to comply with this filing restriction with respect to the two cases currently at issue. Consequently, the district court dismissed both actions for his failure to comply with its prior order. Mr. Norman now appeals the dismissal of his complaints and seeks IFP status.

## DISCUSSION

Because Mr. Norman's filings before the district court failed to comply with the district court's filing-restriction order, we conclude the district court properly dismissed Mr. Norman's current civil actions. "[T]he right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Sieverding v. Colo. Bar Ass'n*, 469 F.3d 1340, 1343 (10th Cir. 2006) (alternation in original) (internal quotation marks omitted). Thus, when a litigant repeatedly abuses the judicial process, the district court possesses the inherent power to impose filing restrictions necessary to aid its jurisdiction, as it did in these cases. *Id.* "This court approves restrictions placed on litigants with a documented

lengthy history of vexatious, abusive actions, so long as the court publishes guidelines about what the plaintiff must do to obtain court permission to file an action, and the plaintiff is given notice and an opportunity to respond to the restrictive order." *Werner v. Utah*, 32 F.3d 1446, 1448 (10th Cir. 1994) (per curiam).

Here, we need not reach the merits of Mr. Norman's arguments because the district court's filing restrictions barred him from bringing these actions. Mr. Norman makes no argument as to why the filing restriction in fact does not bar his complaints. Rather, his briefs on appeal focus on the merits of his claims. Because he does not dispute this independent basis for the district court's decision, his appeal is frivolous, and there is no reason to reverse the district court. *See Cedrins v. U.S.C.I.S.*, No. 10-2048, 2010 WL 2511543, at *1–2 (10th Cir. June 23, 2010) (dismissing an appeal as frivolous when an IFP litigant ignored the district court's filing restrictions); *Greenlee v. U.S. Postal Serv.*, 351 F. App'x 263, 265 (10th Cir. 2009) (same).

## CONCLUSION

The judgments of the district court are AFFIRMED. We DISMISS the appeals and DENY Mr. Norman's motions to proceed IFP on appeal for lack of a "reasoned, nonfrivolous argument on the law and facts in support of the issues

raised in the action." *Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005).

ENTERED FOR THE COURT

Jerome A. Holmes
Circuit Judge