**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 18, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

KENT NORMAN, a/k/a Robert
Ketchum, a/k/a Robert H. Ketchum,
a/k/a R. H. Ketchum, a/k/a Bob
Ketchum, a/k/a Kent C. Norman, a/k/a
Kent Charles Norman,

        Plaintiff–Appellant,

v.

DR. PRIMER, MD; SIX OTHER
UNKNOWN PHYSICIANS, DOES
ONE THROUGH SIX, each of them
individually, and in their own
capacities; JOHN KUNSTLE, M.D.;
BROADWAY PHARMACY;
SPANISH PEAKS PHARMACY;
SHERI BLACKMON, M.D.,

        Defendants–Appellees.

No. 10-1191
(Case No. 1:10-CV-00820-ZLW)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

After examining the briefs and the appellate record, this panel has

determined unanimously that oral argument would not materially assist the

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

The case is therefore ordered submitted without oral argument.

Plaintiff Kent Norman filed a pro se complaint against various defendants for alleged violations of his constitutional rights. The district court dismissed the action because Mr. Norman failed to comply with the filing requirements previously outlined by the district court. We too deny Mr. Norman's appeal and motion for leave to proceed *in forma pauperis* ("IFP").

From 1988 through 1991, Mr. Norman filed numerous frivolous pro se complaints. In 1991, the District Court for the District of Colorado ordered Mr. Norman "enjoined from proceeding as a proponent of any claim in the United States District Court for the District of Colorado without the representation of any attorney . . . unless [he] first has obtained leave of the court to proceed pro se" in accordance with the court's outlined procedures. *Ketchum v. Cruz*, 775 F. Supp. 1399, 1404 (D. Colo. 1991), *aff'd*, *Ketchum v. Cruz*, 961 F.2d 916, 921 (10th Cir. 1992).

In this case, Mr. Norman failed to comply with the 1991 filing restriction, and the district court dismissed the action for his failure to comply with its prior order. We conclude the district court's dismissal was proper. "[T]he right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Sieverding v. Colo. Bar Ass'n*, 469 F.3d 1340, 1343 (10th Cir. 2006) (alteration in original) (internal quotation marks omitted). We "approve[]

restrictions placed on litigants with a documented lengthy history of vexatious, abusive actions, so long as the court publishes guidelines about what the plaintiff must do to obtain court permission to file an action, and the plaintiff is given notice and an opportunity to respond to the restrictive order." *Werner v. Utah*, 32 F.3d 1446, 1448 (10th Cir. 1994).

Mr. Norman's only argument disputing any basis for the filing restriction is a citation to *Ketchum v. City of West Memphis*, 974 F.2d 81 (8th Cir. 1992), in which the Eighth Circuit allowed one of Mr. Norman's complaints to survive a motion to dismiss. In all other respects, Mr. Norman focuses solely on the merits of his claims. Since he does not otherwise dispute the basis for the district court's decision, his appeal is frivolous. *See, e.g.*, *Cedrins v. U.S.C.I.S.*, 383 F. App'x 811, 813 (10th Cir. 2010) (an appeal may be dismissed as frivolous when an IFP litigant ignores the district court's filing restrictions). So too is his motion to proceed IFP. *See Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005) ("[I]n order to succeed on a motion to proceed IFP, the movant must show . . . the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action.").

We therefore **AFFIRM** the district court's dismissal and **DENY** Mr.

Norman's motion to proceed IFP.

Entered for the Court


Monroe G. McKay
Circuit Judge