FILED
United States Court of Appeals
Tenth Circuit

January 29, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

VERNON D. FRAUGHTON, as an
individual and as First Presiding Overseer,

     Defendant - Appellant,

and

OFFICE OF FIRST PRESIDING
OVERSEER FOR THE POPULAR
ASSEMBLY OF SHARED
ENLIGHTENMENT MINISTRY,

     Defendant.

No. 15-4103
(D.C. No. 2:14-CV-00213-DAK)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **BALDOCK**, and **HOLMES**, Circuit Judges.
_____

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In this tax case, Vernon D. Fraughton, proceeding pro se, appeals the district court's grant of summary judgment in favor of the United States. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

The United States brought this action pursuant to 26 U.S.C. §§ 7401 and 7403 to reduce to judgment the outstanding federal tax liabilities assessed against Mr. Fraughton. The United States also sought a determination that federal tax liens had attached to certain real property and a decree ordering the sale of that property. The district court granted summary judgment in favor of the United States, and this appeal followed. However, after briefing for this appeal was completed, Mr. Fraughton paid his taxes. Thus, issues related to the liens and decree are now moot, and the scope of this appeal is limited to the determination and amount of Mr. Fraughton's tax liability.

We review de novo a grant of summary judgment, applying the same legal standard as the district court. *United States v. Botefuhr*, 309 F.3d 1263, 1270 (10th Cir. 2002). Summary judgment is appropriate if the moving party shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Once the moving party meets its initial burden of demonstrating the absence of a genuine issue of material fact, the burden shifts to the nonmoving party to set forth specific facts showing that there is a genuine issue for trial. *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 767 (10th Cir. 2013). We view the facts in the light most favorable to the

2

nonmoving party and draw all reasonable inferences in his favor. *Tabor v. Hilti, Inc.*, 703 F.3d 1206, 1215 (10th Cir. 2013).

We construe Mr. Fraughton's pro se pleadings liberally. *See Childs v. Miller*, 713 F.3d 1262, 1264 (10th Cir. 2013). However, pro se parties must follow the same rules of procedure as other litigants. *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007). We will not supply additional factual allegations or construct a legal theory on his behalf. *See Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009).

After the district court referred the case to a magistrate judge, the United States moved for summary judgment. In support of its motion, the United States submitted certificates of assessment and other materials that are entitled to a presumption of validity. *See Long v. United States*, 972 F.2d 1174, 1181 (10th Cir. 1992) ("For purposes of granting summary judgment, a Certificate of Assessments and Payments is sufficient evidence that an assessment was made in the manner prescribed by [applicable regulations]."). The magistrate judge concluded that although Mr. Fraughton had filed numerous "papers," including three motions to dismiss, he had not filed anything that could be considered a response to the motion for summary judgment. R. at 499. Therefore, the magistrate judge deemed the material facts in the United States' motion uncontroverted and admitted by Mr. Fraughton and recommended that summary judgment against him be granted.

Mr. Fraughton filed an objection to the magistrate judge's recommendation. The district court overruled the objection, stating: "Although Fraughton makes several attempts to assert that the Department of Treasury and the IRS do not have

authority to collect taxes, such positions are frivolous and have no basis in law."
R. at 516. The court adopted the magistrate judge's report and recommendation and granted summary judgment in favor of the United States.

We agree with the district court's conclusion that Mr. Fraughton has failed to establish any genuine issue with respect to the assessments made against him. His brief provides no coherent argument or relevant and appropriate citations to authorities to support his claim that the district court erred in some particular. *See* Fed. R. App. P. 28(a)(8)(A) ("The appellant's brief must contain . . . appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies . . . ."); *see also Rios v. Ziglar*, 398 F.3d 1201, 1206 n.3 (10th Cir. 2005) ("To make a sufficient argument on appeal, a party must advance a reasoned argument concerning each ground of the appeal . . . and it must support its argument with legal authority."). He has failed to provide any meaningful basis on which to evaluate his general claim that the district court erred. Further, many of the tax protestor arguments he seems to allude to, without adequately developing, "have long been held to be lacking in legal merit and frivolous." *Ford v. Pryor*, 552 F.3d 1174, 1177 n.2 (10th Cir. 2008) (citing *Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990)).

The judgment is affirmed.

Entered for the Court


Jerome A. Holmes
Circuit Judge