FILED
United States Court of Appeals
Tenth Circuit

December 19, 2008

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

H. CLARK FORD III,

      Petitioner-Appellant,

v.

MICHAEL J. PRYOR, IRS Agent,

      Respondent-Appellee.

No. 08-2034

UNITED STATES OF AMERICA;
INTERNAL REVENUE SERVICE,

      Petitioners-Appellees,

v.

H. CLARK FORD III,

      Respondent-Appellant.

No. 08-2121

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
(D.C. Nos. 1:07-CV-00836-JCH-LFG and 1:07-MC-00016-JCH )

Submitted on the briefs:[*]

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

(continued...)

H. Clark Ford III, pro se.

Nathan J. Hochman, Assistant Attorney General, State of New Mexico, Jonathan S. Cohen, Christine D. Mason, Thomas J. Clark and Francesca U. Tamami, Attorneys, Tax Division, Department of Justice, Washington, D.C.

---

Before **HOLMES**, **ANDERSON**, and **BALDOCK**, Circuit Judges.

---

**ANDERSON**, Circuit Judge.

---

H. Clark Ford III, proceeding pro se, appeals the district court's orders denying him relief relating to the attempts of the Internal Revenue Service (IRS) to assess and collect income taxes from him. These cases involve very similar facts and legal issues and we have elected to resolve them together in a single opinion. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm the district court's judgments in both cases.

### *A. Background*

The facts underlying both of these appeals were set forth in detail in this court's opinion resolving a prior appeal. *United States v. Ford*, 514 F.3d 1047, 1049-51 (10th Cir. 2008) ("*Ford I*").[1] Therefore, we provide only a brief background to frame the issues presented in the instant appeals.

---

[*](...continued)
therefore ordered submitted without oral argument.

[1]     Mr. Ford also filed an earlier appeal with this court. *Ford v. Bank of Am.*, No. 99-2368, 2000 WL 1028238, (10th Cir. Jul. 26, 2000) (unpublished).

The IRS issued two administrative summonses to Mr. Ford to determine his tax liability for 1996 through 2005. Mr. Ford concedes that he did not file traditional income-tax returns.[2] When Mr. Ford refused to comply with the summonses, the IRS filed a petition in district court for an order enforcing them. The district court ordered Mr. Ford to comply with the administrative summonses, and when he continued to refuse, the court found him in contempt and ordered him held in federal custody until he complied.

Mr. Ford appealed, requesting a writ of habeas corpus so he could be released from custody, arguing that he was not in contempt of court, and challenging the administrative summonses on various grounds. *Ford I*, 514 F.3d at 1051-53. This court transferred the habeas petition to the district court and affirmed the district court's orders. *Id.* at 1053.

While his first appeal was pending, Mr. Ford filed another action in the district court for a writ of mandamus directed to IRS employee Michael Pryor

---

[2]    Although Mr. Ford objects to being called a tax protester, he is appropriately designated a tax protester because he protests the legality of the income tax, and his arguments stem from this position. For example, he argues that income taxes do not apply to him, *e.g.*, R. (No. 08-2121) at 47, he is not required to file tax returns on Form 1040, *id.* at 34, 40, 58, he is not required to comply with an IRS form that is obsolete and lacks an OMB number, *id.* at 34, defendant Pryor issued administrative summonses without delegated authority, *id.* at 39, and he is not subject to the income tax because he is a "non resident alien to the political jurisdiction of the United States," *id.* at 57. Such tax-protester arguments have long been held to be lacking in legal merit and frivolous. *See, e.g., Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990).

requiring him to provide Mr. Ford with Summary Record Assessments for tax years 1996 through 2006. The district court held that the IRS had provided Mr. Ford all of the information to which he was entitled, and granted summary judgment in favor of the IRS and revenue officer Pryor.[3] Mr. Ford appeals. This appeal was assigned number 08-2034.

*Ford I* was issued on January 25, 2008. On February 27, 2008, Mr. Ford complied with the administrative summonses and was released from custody. Accordingly, the district court dismissed the case with prejudice. Mr. Ford also appeals that ruling, and the appeal was assigned number 08-2121.

### B. Standards of Review

The district court granted summary judgment to the IRS in appeal number 08-2034 and dismissed with prejudice the IRS's petition in appeal number 08-2121. In dismissing with prejudice, the district court considered evidence beyond the pleadings, a procedure to which Mr. Ford did not object, so we "review the dismissal under the standard applicable to an entry of summary judgment." *N. Natural Gas Co. v. Nash Oil & Gas, Inc.*, 526 F.3d 626, 629 n.1 (10th Cir. 2008).

We review a grant of summary judgment de novo. *Barrick Resources (USA) Inc. v. United States*, 529 F.3d 1252, 1256 (10th Cir. 2008). Summary

---

[3] Although Mr. Ford named only Mr. Pryor as a defendant, the proper defendant was the IRS.

judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Although we view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party, the nonmoving party must present more than a scintilla of evidence in favor of his position. *Grace United Methodist Church v. City of Cheyenne*, 451 F.3d 643, 649 (10th Cir. 2006). Because Mr. Ford is proceeding pro se, we construe his pleadings liberally, but we do not act as his advocate. *Weinbaum v. City of Las Cruces*, 541 F.3d 1017, 1029 (10th Cir. 2008).

### C. Analysis

### (1) Appeal No. 08-2034

The district court held that the Certificates of Assessments, Payments, and Other Specified Matters (referred to herein as "Summary Record Assessment") for the tax years 1996-2000, which were supplied to Mr. Ford on Form 4340, satisfied the requirements of 26 U.S.C. § 6203 (requiring the Treasury Secretary to "furnish the taxpayer a copy of the record of the assessment" upon request) and 26 C.F.R. § 301.6203-1 (setting forth the required contents of a summary record of assessment).[4] Consequently, the district court determined that Mr. Ford was

---

[4]      Although Mr. Ford demanded a Summary Record Assessment for tax years

(continued...)

-5-

not entitled to a writ of mandamus. Further, because Mr. Ford had received the information and notice to which he was entitled, the district court concluded that summary judgment in favor of the IRS was appropriate.

A federal district court has jurisdiction to issue a writ of mandamus "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. To be entitled to issuance of a writ of mandamus, Mr. Ford had to "show that [his] right to the writ [was] clear and indisputable." *In re Antrobus*, 519 F.3d 1123, 1124 (10th Cir. 2008) (quotation omitted).

On appeal, Mr. Ford contends that the district court erred in denying his petition for a writ of mandamus because (1) he was never informed of the date of the assessment or the date the assessment was signed by an assessment officer; (2) there was no date of original assessment, even though he demanded assessments for ten years; (3) the Summary Record Assessment did not contain "any information as to what type of tax debt [he] has incurred . . . or what kind of activity created this debt or at what point in time," Aplt. Opening Br. (No. 08-2034) at 4; (4) on the Summary Record Assessment his name was typed in all capital letters and included his social security number, which he had

---

[4](...continued)
1996-2006, R. (No. 08-2034) Doc. 1, Ex. A, the Form 4340 provided to him pertained only to tax years 1996-2000 because at the time Mr. Ford made his request, the IRS had not conducted an assessment for the tax years 2001-2006.

relinquished; (5) the Form 4340 provided to him was inadequate for the reasons stated in his arguments (1) through (4); and (6) he was denied discovery and a hearing. Although Mr. Ford also challenges any suggestion that he did not file income-tax returns for 1996 and later years, this issue is not relevant to the district court's holding that Mr. Ford was not entitled to a writ of mandamus.

Mr. Ford's arguments are without merit. Form 4340 contains the required information: "identification of the taxpayer, the character of the liability assessed, the taxable period, if applicable, and the amount of the assessment." 26 C.F.R. § 301.6203-1. *See* R. (No. 08-2034) Doc. 11-3, at 2-41. It also includes the date of assessment, which is "the date the summary record is signed by an assessment officer." 26 C.F.R. § 301.6203-1. Courts, including this one, have held that a Summary Record Assessment, provided on Form 4340, is "presumptive proof of a valid assessment." *March v. IRS*, 335 F.3d 1186, 1188 (10th Cir. 2003) (quotation omitted) (collecting cases). Mr. Ford has failed to produce any evidence on summary judgment to rebut this presumption. Moreover, his argument that Form 4340 is invalid because it reflects his social security number and shows his name in all capital letters is wholly frivolous.

Finally, Mr. Ford complains that the district court erred in granting summary judgment without first holding a hearing and without permitting him to engage in discovery. But he has made no showing that he requested additional time for discovery, nor has he "identified any issues on appeal that were

-7-

compromised by the court's decision to base its ruling on the pleadings alone," *Ford I*, 514 F.3d at 1053.  Accordingly, the district court's judgment is affirmed.

## (2)  Appeal No. 08-2121

In this appeal, Mr. Ford challenges the district court's determination that the case had concluded when Mr. Ford complied with the IRS summonses.  Five of Mr. Ford's issues on appeal were decided against him in *Ford I*, 514 F.3d at 1049, 1052-53.  They are:  (1) there was no evidence that he failed to file tax returns; (2) that revenue officer Pryor did not have delegated authority to issue the administrative summonses; (3) the form used for the summonses, Form 2039, is obsolete and has been outlawed by the IRS; (4) Mr. Ford was not in contempt of court; and (5) he was denied due process by the district court's ruling without a hearing and by the district court's denial of his motion to reconsider the order finding him in contempt of court.  The holdings of *Ford I* are law of the case and must be followed in this appeal.  *See Weston v. Harmatz*, 335 F.3d 1247, 1255 (10th Cir. 2003) (applying law-of-the-case doctrine, stating holding of prior appeal "must be followed by the appellate court in subsequent appeals").

Mr. Ford's remaining arguments are:  (1) the District Court for the District of New Mexico lacked jurisdiction over him because his residence in New Mexico was not within a federal enclave and therefore he did not receive remuneration from within the United States; (2) the summonses did not identify him because his name was typed in all capital letters; and (3) the district court had no jurisdiction

-8-

over him because he made only a "special appearance" in court.[5]  This court has previously rejected Mr. Ford's "federal enclave" argument, *United States v. Chisum*, 502 F.3d 1237, 1243 (10th Cir. 2007) (noting this argument was rejected many years ago in *United States v. Collins*, 920 F.2d 619, 629 (10th Cir. 1990)), *cert. denied*, 128 S. Ct. 1290 (2008), and we do so again here.  Similarly, we have held above that his argument pertaining to typing his name in all capital letters is wholly frivolous.

We also reject Mr. Ford's contention that the district court did not have personal jurisdiction over him because he entered a "special appearance." He does not refute that on March 20, 2007, he was personally served with the IRS's First Petition to Enforce IRS Summons and Order to Show Cause. R. (No. 08-2121) Doc. 3, Ex. A.  Mr. Ford's mere characterization of his appearance as "special" does not refute personal jurisdiction.  Accordingly, we hold that the IRS met its burden of establishing that the federal district court had personal jurisdiction over Mr. Ford.  *See Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1069 (10th Cir. 2008) (stating "plaintiffs bear the

---

[5]      Mr. Ford also complains that the IRS impugned his character by implying that he "runs with a lowly crowd of tax protesters," Aplt. Opening Br. (No. 08-2121) at 16, and that the district court did not acknowledge that upon his release from federal custody in February 2008, he paid the IRS $100,000.  These complaints are not relevant to the issues on appeal.

burden of establishing personal jurisdiction"). The district court's judgment in this appeal is affirmed, as well.

## D. *Findings of Frivolousness*

We have affirmed the district court's judgment in each of these appeals. In addition, we hold that both appeals are frivolous, bordering on vexatious, and brought to delay and obstruct. "An appeal is frivolous when the result is obvious, or the appellant's arguments of error are wholly without merit." *Braley v. Campbell*, 832 F.2d 1504, 1510 (10th Cir. 1987) (quotation omitted).

In appeal number 08-2034, Mr. Ford has repeated his arguments made to the district court without any showing that the district court erred. Furthermore, he has provided no reasoned argument or evidence that the Form 4340 failed to provide the necessary information or that he was entitled to a writ of mandamus. His arguments in appeal number 08-2121 were either rejected in *Ford I*, or are so patently without merit to be frivolous. Accordingly, we conclude that the results in both appeals are obvious, that Mr. Ford's arguments are wholly without merit, and that these appeals were brought to delay further the collection of his federal income tax liability.

## E. *Monetary Sanctions and Filing Restrictions*

### (1) Monetary Sanctions

The IRS has filed a motion for sanctions in appeal number 08-2034, requesting $8,000 to compensate it for attorney fees expended, arguing that the

appeal is frivolous. This court has the power to award just damages and single or double costs if the court "determines that an appeal is frivolous" or brought for purposes of delay. Fed. R. Civ. P. 38; 28 U.S.C. § 1912; *accord Stafford v. United States*, 208 F.3d 1177, 1179 (10th Cir. 2000). Mr. Ford has had notice and an opportunity to respond, as required by *Braley*, 832 F.2d at 1514. He has responded, but he has not objected to the amount requested.

In support of its request for attorney fees, the IRS has filed a declaration documenting $9,661.63 in attorney fees expended in this matter, but has modified its request to $8,000. Having held that the appeal is frivolous, we conclude that under these circumstances just damages are $8,000, and we award that amount to the IRS. We expressly note that this award is not meant to establish a presumptive or flat-fee sanction to be used in all frivolous tax appeals.

### (2) Filing Restrictions

"Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions in appropriate circumstances." *Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007). An injunction limiting further filings may be imposed "where the litigant's lengthy and abusive history is set forth; the court provides guidelines as to what the litigant may do to obtain its permission to file an action; and the litigant receives notice and an opportunity to oppose the court's order before it is implemented." *Id.*

-11-

As discussed, Mr. Ford has filed three appeals to challenge the district court's rulings denying his challenges to the attempts to assess and collect income taxes for the years 1996 to 2005. (*Ford I* and the two instant appeals). In addition, he filed an earlier appeal challenging a district court's dismissal of his claims against various banks and bank personnel because they refused to open an account for him unless he provided his social security number. *Ford v. Bank of Am.*, 2000 WL 1028238. There, this court held that the Privacy Act did not apply to the defendants and that Mr. Ford "failed to allege the requisite search or seizure or invasion of his privacy rights" to state a claim under the Fourth Amendment. *Id.* at *2. Accordingly, the dismissal was affirmed. *Id.* at *3. While this court did not deem that appeal frivolous, Mr. Ford's claims in that case, similar to one of his claims here, stemmed from his insistence that "he is detached from any form of Social Security number," Aplt. Opening Br. (No. 08-2034) at 3.

This court has ordered comprehensive filing restrictions on litigants who have repeatedly abused the appellate process. *See, e.g., Winslow v. Hunter (In re Winslow)*, 17 F.3d 314, 316 (10th Cir. 1994) (per curiam) (noting Winslows had filed seventeen matters in appellate court, imposing blanket filing restriction unless specified conditions met). But a distinction has been made between indiscriminate filers and those who have limited their repetitive filings to a particular subject. *See, e.g., Sieverding v. Colo. Bar Ass'n*, 469 F.3d 1340, 1345

-12-

(10th Cir. 2006). Under those circumstances, the filing restrictions have been limited to the subject matter of the previous lawsuits. *See Andrews*, 483 F.3d at 1077 (noting appellant filed five frivolous appeals in three separate cases, restricting plaintiff from filing future matters related to the subject matter of his earlier federal lawsuits). In *Andrews*, this court determined that the plaintiff-appellant's litigation history did not "(at least as yet) suggest that [he was] likely to abuse the legal process in connection with other persons and subject matters and thus does not support restricting [his] access to the courts in *all* future *pro se* proceedings pertaining to *any* subject matter and *any* defendant." *Id.* In *Sieverding*, this court noted that the plaintiff-appellant "has not filed litigation against random persons or entities," and modified the filing restrictions to apply only to the subject matter of her previous litigation. *Sieverding*, 469 F.3d at 1345.

Similarly, Mr. Ford's appellate filings warrant imposing filing restrictions limited to the claims brought in his prior appeals, and arguments related to those claims. He has filed three appeals in the same case, and has attempted to raise frivolous issues that are foreclosed by *Ford I* and other Tenth Circuit law. In his 2000 appeal, he sued various entities claiming they violated various laws by declining to do business with him because he refused to provide his social security number.

Therefore, Mr. Ford is restricted from filing any further pro se filings with this court raising claims decided in his prior appeals, *Ford v. Bank of Am.*, No. 99-2368, 2000 WL 1028238, (10th Cir. Jul. 26, 2000) (unpublished), *United States v. Ford*, 514 F.3d 1047, 1049-51 (10th Cir. 2008), or these two appeals, appeal number 08-2034 and appeal number 08-2121. In addition, this court will not accept any further pro se appeals or original proceedings filed by Mr. Ford that raise claims related to the claims brought in his prior appeals. The Clerk of this court shall return any such filings, unfiled, to Mr. Ford. These filing restrictions are limited to civil filings; they do not apply to criminal matters.

Mr. Ford shall have ten days from the date of this opinion to file written objections to these proposed filing restrictions. His response shall be limited to fifteen pages. If Mr. Ford does not file an objection, the filing restrictions shall take effect twenty days from the date of this opinion. If Mr. Ford does file timely objections, these filing restrictions shall only take effect if the court rules against Mr. Ford and rejects his objections. The filing restrictions shall apply to any matter filed after that ruling.

### *F. Conclusion*

The IRS's motion to dismiss the appeal as moot is DENIED. The IRS's motion for sanctions is GRANTED, and sanctions in the amount of $8,000 are awarded to the IRS. Mr. Ford's objections, if any, to the proposed filing

-14-

restrictions described above are due within ten days of this opinion. The judgment of the district court in each case is AFFIRMED.