FILED
United States Court of Appeals
Tenth Circuit

**March 4, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

KERRY DEAN BENALLY,

      Defendant - Appellant.

No. 10-4124
(D.C. No. 2:07-CR-00256-DAK-1)
(D. Utah)

ORDER AND JUDGMENT[*]

Before **BRISCOE**, Chief Circuit Judge, **TACHA**, and **O'BRIEN**, Circuit Judges.

Kerry Dean Benally appeals from his conviction for forcible assault on a federal agent with a dangerous weapon. Concluding we are bound by the decision of a prior panel of this Court on all issues, we affirm.

The underlying facts are set forth at length in our prior opinion, *United States v. Benally*, 546 F.3d 1230, 1231-32 (10th Cir. 2008), and need not be repeated here.

---

[*] The parties have waived oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). This case is submitted for decision on the briefs.

This order and judgment is an unpublished decision, not binding precedent. 10th Cir. R. 32.1(A). Citation to unpublished decisions is not prohibited. Fed. R. App. 32.1. It is appropriate as it relates to law of the case, issue preclusion and claim preclusion. Unpublished decisions may also be cited for their persuasive value. 10th Cir. R. 32.1(A). Citation to an order and judgment must be accompanied by an appropriate parenthetical notation – (unpublished). *Id*.

Benally was convicted by a jury but moved for a new trial because he claimed two jurors did not disclose their racial prejudices during *voir dire* and the deliberations were tainted by their racially biased comments.  **[Vol. I at 42-43.]**  Relying on affidavits describing the deliberations, the district court granted him a new trial.  **[Vol. I at 51-53, 56-57, 79-82.]**  Benally raises the following issues:[1] 1) whether Federal Rule of Evidence 606(b) prohibits admission of juror testimony about statements made during deliberations to show juror dishonesty during *voir dire*, 2) whether the statements to which the jurors testified fit within one of the enumerated exceptions to the rule, and 3) whether the Sixth Amendment requires an exception to Rule 606(b) for testimony about racial bias.  These are the same issues addressed in our prior review.  *See Benally*, 546 F.3d. at 1234, 1239, 1241.  **[Appellant's Brief at 5-7; Govt. Brief at 1.]**

In that proceeding, we held Rule 606(b)[2] prohibited admission into evidence of the

---

[1] The parties agree the issues now raised have been conclusively decided but filed cursory briefs for the sole purpose of preserving the issues for further review.

[2] Rule 606(b) states:

Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon that or any other juror's mind or emotions as influencing the juror to assent to or dissent from the verdict or indictment or concerning the juror's mental processes in connection therewith. But a juror may testify about (1) whether extraneous prejudicial information was improperly brought to the jury's attention, (2) whether any outside influence was improperly brought to bear upon any juror, or (3) whether there was a mistake in entering the verdict onto the verdict form. A juror's affidavit or evidence of any statement by the juror may not be received on a matter about which the juror would be precluded from testifying.

statements on which the district court relied in granting a new trial, no exception to the rule applied, and none was constitutionally required. *Id.* at 1236, 1238, 1241. We reversed the district court's grant of a new trial and remanded for reinstatement of the verdict. *Id.* at 1241-42. This Court denied rehearing and rehearing en banc. *United States v. Benally*, 560 F.3d 1151 (10th Cir. 2009) (then-Chief Judge Henry and Judges Briscoe, Lucero, and Murphy dissented and would have granted rehearing en banc). The Supreme Court denied certiorari. *Benally v. United States*, 130 S. Ct. 738 (2009) (mem.)

On remand, Benally renewed his motion for a new trial. **[R. Vol. I at 89.]** The district court denied the motion as untimely and because the issues had already been determined by this Court on appeal. **[Id. at 97.]** It reinstated the jury's verdict and sentenced him to 57 months imprisonment followed by 36 months of supervised release. **[Id. at 98-100.]** We, like the district court, are bound by the holdings in our prior opinion, which are the law of this case. *See Ford v. Pryor*, 552 F.3d 1174, 1179 (10th Cir. 2008) (following holdings of prior appeal as law of the case). **AFFIRMED.**

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge