**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 15-4249**

_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

STEVE JACOB JOSEPH, a/k/a Steve O,

                Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Mark S. Davis, District Judge. (2:14-cr-00008-MSD-DEM-2)

_____

Submitted: December 29, 2015       Decided: April 1, 2016

_____

Before NIEMEYER and WYNN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Timothy Anderson, ANDERSON & ASSOCIATES, Virginia Beach, Virginia, for Appellant. Darryl James Mitchell, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After a jury trial, Steve Jacob Joseph was convicted of conspiracy to distribute and possess with intent to distribute cocaine and heroin in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A); 846 (2012). Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 783 (1967), certifying that there are no meritorious issues for appeal, but raising for the court's consideration whether the district court erred in refusing to admit Joseph's videotape evidence and determining the sentence. Joseph has filed several pro se supplemental briefs raising additional issues, including challenges to the sufficiency of the evidence and his sentence. The Government did not file a brief. After reviewing the record, we affirm.

We review the sufficiency of the evidence de novo and will sustain the verdict if there is substantial evidence, viewed "in the light most favorable to the [G]overnment," to support the verdicts. United States v. Hamilton, 699 F.3d 356, 361 (4th Cir. 2012). "[S]ubstantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Cornell, 780 F.3d 616, 630 (4th Cir.) (internal quotation marks omitted), cert. denied, 136 S. Ct. 127 (2015). It is for the jury, not the court, "to weigh the evidence and judge the credibility of the witnesses."

2

United States v. Harvey, 532 F.3d 326, 333 (4th Cir. 2008) (internal quotation marks omitted). We have reviewed the record and conclude that there was more than sufficient trial evidence to sustain Joseph's drug conspiracy conviction. We also conclude that the district court did not abuse its discretion in excluding Joseph's enhanced videotape. See United States v. Johnson, 617 F.3d 286, 292 (4th Cir. 2010) (stating standard of review).

We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 46 (2007). We first review for significant procedural error, and if the sentence is free from such error, we then consider the substantive reasonableness of the sentence. Id. at 51. The district court commits a procedural error if it fails to calculate (or improperly calculates) the Sentencing Guidelines sentence, treats the Guidelines as mandatory, fails to consider the 18 U.S.C. § 3553(a) (2012) sentencing factors, considers erroneous facts, or fails to adequately explain the chosen sentence. Id. In assessing Guidelines calculations, the Court reviews factual findings for clear error, legal conclusions de novo, and unpreserved arguments for plain error. United States v. Strieper, 666 F.3d 288, 292 (4th Cir. 2012). Because Joseph did not object to any sentencing factor or request a particular sentence, our review of the sentence is for plain

error.  Id.  We conclude that Joseph's sentence is substantively and procedurally reasonable.  Finally, we have considered Joseph's other pro se arguments, including his challenge to the trial court's decision to allow him to proceed pro se and his attack on the court's jurisdiction, and find them to be without merit.  See Ford v. Pryor, 552 F.3d 1174, 1179-80 (10th Cir. 2008) (rejecting similar jurisdictional arguments as frivolous).

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal.  We therefore affirm the conviction and sentence.  This court requires counsel inform Joseph, in writing, of his right to petition the Supreme Court of the United States for further review.  If Joseph requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Joseph.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4