FILED
United States Court of Appeals
Tenth Circuit

July 18, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

TAUREAN XAVIER PROCH,

    Plaintiff - Appellant,

v.

UNITED STATES BUREAU OF
PRISONS; CLAUDE MAYE, Warden,
USP-Leavenworth,

    Defendants - Appellees.

No. 16-3005
(D.C. No. 5:14-CV-03147-SAC-DJW)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **HOLMES**, and **McHUGH**, Circuit Judges.
_____

Taurean Proch appeals the district court's summary dismissal of his *Bivens* action to obtain meaningful access to the courts. In 2009, Mr. Proch was indicted on charges of solicitation to commit an armed bank robbery and being a felon in possession of a firearm. He pleaded guilty to the possession charge and, through a plea agreement, the solicitation charge was dismissed. After finding that he had three prior violent-felony convictions under the Armed Career Criminal Act (ACCA), the

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

court calculated a guidelines range of 188 to 235 months. It sentenced him to 190 months' imprisonment and the Eleventh Circuit affirmed on direct appeal. *See United States v. Proch*, 637 F.3d 1262, 1265, 1269 (11th Cir. 2011).

Mr. Proch filed a motion under 28 U.S.C. § 2255 to vacate his sentence in June 2012. While the motion was pending,[1] Mr. Proch filed the complaint in this case in the District of Kansas, as he is imprisoned in Leavenworth. He sought a writ of mandamus and a declaratory judgment, alleging that he is being deprived of access to legal materials pertaining to state-court convictions that formed the basis for his ACCA sentencing enhancement in federal court. He wants the materials so that he can collaterally attack those convictions and undermine his ACCA enhancement. Attachments to the complaint reveal that prison officials (1) denied Mr. Proch's request for access to state-law materials because the "Bureau is not mandated to provide state case law and other state legal materials," and (2) suggested that Mr. Proch use outside resources to obtain such materials, including purchasing state publications, pursuing private counsel, utilizing legal services provided by the University of Kansas (KU) School of Law, or contacting "the specific state to see if such materials may be provided to you." R. Vol. 1 at 13, 15.

The district court ordered Mr. Proch to show cause why the complaint should not be dismissed as deficient. It said that his pleadings had not shown that "the denial of legal resources hindered his efforts to pursue a nonfrivolous claim." R.

---

[1] The § 2255 motion was ultimately denied and it is currently before the Eleventh Circuit on appeal.

Vol. 1 at 33. In response, Mr. Proch argued that the prison officials' suggestion that he solicit legal materials from outside the institution and hope that someone provides them falls short of the officials' constitutional obligation. He also alleged that he contacted the KU law school but was told that it was unable to assist him in challenging Florida convictions. The district court dismissed Mr. Proch's complaint for lack of a showing of actual injury because he "identifies no specific claim he is unable to bring to the state court's attention . . . and he has no constitutionally protected right to be provided state legal materials sufficient to research the possibility of any such claim that might still be available." R. Vol. 1 at 59.

On appeal Mr. Proch renews his arguments and petitions us for a writ of mandamus. He asserts that he has no access to the materials he needs via LexisNexis at the prison law library or at the KU law library and that the Bureau of Prisons has provided no materials, leaving him "access to the courts in word, but not deed." Opening Br. at 2. Because Mr. Proch is proceeding without the assistance of counsel, we construe his filings liberally "but we do not act as his advocate." *Ford v. Pryor*, 552 F.3d 1174, 1178 (10th Cir. 2008).

Prisoners have a "fundamental constitutional right of access to the courts," which requires prison officials to provide inmates "adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977), *overruled in part on other grounds by Lewis v. Casey*, 518 U.S. 343, 354 (1996). But the prisoner must show an actual injury, *see Lewis*, 518 U.S. at 349, and that requirement "is not satisfied by just any type of frustrated legal claim," *id.* at

3

354.  Rather, the tools *Bounds* requires "are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." *Id*. at 355.  Prisons are under no obligation to enable prisoners to discover grievances.  *See id*. at 354.  Moreover, "an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar"; "the inmate . . . must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Id*. at 351.  And the legal claim must be nonfrivolous.  *Id*. at 353 n.3.

We agree with the district court.  Mr. Proch has not established any injury or prejudice.  He has provided no facts indicating the basis for overturning any state conviction.  He appears to want only the tools to discover a grievance, a venture the Bureau is under no obligation to support.  *See Lewis*, 518 U.S. at 354; *Cunningham v. Dist. Attorney's Office*, 592 F.3d 1237, 1271 (11th Cir. 2010) (plaintiff must show "more than hope" of obtaining relief on the underlying claim (internal quotation marks omitted)).  Mr. Proch's motion to proceed without prepayment of fees is granted and the judgment of the district court is affirmed.

Entered for the Court


Harris L Hartz
Circuit Judge

4