**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

LNV CORPORATION,

    Plaintiff - Appellee,

v.

JULIA HOOK,

    Defendant - Appellant,

and

UNITED STATES OF AMERICA,

    Defendant - Appellee,

and

DAVID L. SMITH; PRUDENTIAL
HOME MORTAGAGE COMPANY,
INC.; SAINT LUKES LOFTS
HOMEOWNER ASSOCATION, INC.;
DEBRA JOHNSON, in her official
capacity as the Public Trustee of the City
and County of Denver, Colorado,

    Defendants.

No. 19-1131
(D.C. No. 1:14-CV-00955-RM-SKC)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

_____

Before **BRISCOE**, **LUCERO**, and **HARTZ**, Circuit Judges.
_____

Julia Hook, an attorney representing herself, appeals from the district court's final judgment in a foreclosure action. Exercising jurisdiction under 28 U.S.C. § 1291, we dismiss this appeal as frivolous and deny Hook's Motion to Proceed *In Forma Pauperis* On Appeal.

LNV Corporation brought an action against Hook in the District Court for the City and County of Denver, Colorado, seeking to foreclose a deed of trust on a piece of real property she owned—a home. In addition to Hook, LNV named as defendants several other parties potentially holding interests in the property, including the Internal Revenue Service. LNV asked the court to determine the priorities of those interests and to order a foreclosure sale of the property.

The United States (on behalf of the IRS) removed the action to the United States District Court for the District of Colorado. LNV filed an amended complaint, and in its answer the United States asserted a claim asking the district court to consider its tax liens against the property when determining the priority of all liens and to distribute any proceeds of the foreclosure sale in accordance with those relative priorities. Hook and her husband, co-defendant David Smith, filed counterclaims against LNV contesting, in relevant part, LNV's right to foreclose on the home. They also advanced claims against the United States, contesting their tax liability and the tax liens.

2

The district court ultimately dismissed all of Hook's claims and ruled in favor of LNV on its claims against Hook and Smith, leaving to be decided only the manner of judicial foreclosure and the amount of the judgment.

Although Hook and Smith filed a Chapter 7 bankruptcy petition, requiring the district court to administratively close this case, the bankruptcy court granted LNV relief from the automatic bankruptcy stay so the district court could proceed, and it denied Hook and Smith's motion to vacate the relief order. On the same day it denied the motion to vacate, the bankruptcy court entered a discharge order relieving Hook and Smith of their personal liability for certain debt but allowing "a creditor with a lien [to] enforce a claim against [Hook and Smith's] property subject to that lien unless the lien was avoided or eliminated." U.S. Supp. App. at 254.[1]

After reopening the case the district court eventually entered a final judgment in favor of LNV and the United States and against Hook and Smith. The court also ordered foreclosure and judicial sale of Hook and Smith's home. Only Hook appeals.

Hook's arguments on appeal, which for the most part contend that the district court lacked jurisdiction and denied her due process, are wholly frivolous. As an attorney, she should have known that they lacked any merit before she argued them; and in large part, the appellees' briefs make that perfectly clear. We see no need to further educate Hook.

---

[1] The discharge order did not end the bankruptcy case, but that case was eventually closed.

We add only a word about Hook's suggestion that the district judge was hostile to and biased against her, in violation of her due-process rights. "To demonstrate a violation of due process because of judicial bias, a claimant must show either actual bias or an appearance of bias." *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010) (internal quotation marks omitted). But "[a]dverse rulings alone do not demonstrate judicial bias." *Id.* Hook's bias argument relies solely on the district court's adverse rulings and therefore is devoid of merit.

Because this appeal is frivolous, *see Ford v. Pryor*, 552 F.3d 1174, 1180 (10th Cir. 2008) ("An appeal is frivolous when the result is obvious, or the appellant's arguments of error are wholly without merit." (internal quotation marks omitted)), we dismiss the appeal and deny Ms. Hook's Motion to Proceed *In Forma Pauperis* On Appeal, *see* 28 U.S.C. § 1915(e)(2)(B)(i) (requiring dismissal of frivolous appeal filed by party seeking to proceed IFP); *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991) (grant of IFP requires "a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal"). Consequently, Ms. Hook must pay all appellate filing and docketing fees ($505.00) immediately to the United States District Court for the District of Colorado.

Entered for the Court

Harris L Hartz
Circuit Judge

4