FILED
United States Court of Appeals
Tenth Circuit

October 21, 2020

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

FREDERICO RAMSEY,

Defendant-Appellant.

No. 19-3289
(D.C. No. 2:09-CR-20046-CM-4)
(D.C. No. 2:14-CV-02608-CM)
(D. Kan.)

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **HOLMES**, **BACHARACH** and, **MORITZ**, Circuit Judges.

A federal prisoner, Mr. Frederico Ramsey, has filed a request for a certificate of appealability ("COA") to challenge the district court's denial of his 28 U.S.C. § 2255 motion to vacate his drug convictions and sentence.[1] Exercising jurisdiction under 28 U.S.C. § 1291, we **deny** Mr. Ramsey's request for a COA and **dismiss** this matter.

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Ramsey appears pro se, we afford his filings a liberal construction, but we do not serve as his advocate. *See, e.g.*, *Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010); *Ford v. Pryor*, 552 F.3d 1174, 1178 (10th Cir. 2008).

**I**

Mr. Ramsey was convicted in 2010 of four charges related to the possession and distribution of heroin, including a conspiracy charge where a drug-death resulted. In July 2011, he was sentenced to 292 months' imprisonment. Mr. Ramsey appealed from his convictions, and, in 2013, we affirmed both his convictions and sentence.

On December 4, 2014, Mr. Ramsey filed a pro se motion, pursuant to 28 U.S.C. § 2255, to vacate his sentence, based on twenty-two claims that his court-appointed attorney was ineffective both before and during his trial and sentencing. In a September 16, 2015 order, the district court denied nearly all of Mr. Ramsey's claims, but took three under advisement. Eventually, in November 2019, the district court denied the three remaining claims. The court also declined to issue a COA. This appeal followed.

**II**

To appeal the denial of relief under § 2255, a prisoner must receive a COA. *See* 28 U.S.C. § 2253(c)(l)(B) ("Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a proceeding under section 2255."); *see also Gonzalez v. Thaler*, 565 U.S. 134, 142 (2012) (noting the "'clear' jurisdictional language . . . in § 2253(c)(1)"). "We may grant a COA only if the petitioner makes a 'substantial showing of the denial of a constitutional right.'" *Milton v. Miller*, 812 F.3d 1252, 1263 (10th Cir. 2016) (quoting 28 U.S.C. § 2253(c)(2)). Under this standard, Mr. Ramsey must show "that reasonable jurists could

debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

## III

Mr. Ramsey's request for a COA rests on two claims that his court-appointed attorney was ineffective.

First, Mr. Ramsey alleges that his counsel was ineffective for failing to raise a particular argument at trial and on appeal. Specifically, Mr. Ramsey contends that under 21 U.S.C. § 841(b)(1)(C), a penalty enhancement provision, the government had the burden to show that his distribution of drugs was the "but-for" cause of the victim's death. *See* Aplt.'s Br. at 6  9. The Supreme Court later held as much in *Burrage v. United States*, 134 S. Ct. 881 (2014), a ruling that came nearly four years after Mr. Ramsey's conviction.

Second, Mr. Ramsey alleges that his counsel was ineffective for failing "to apprise him of the option and benefits of entering an open plea to be entitled to a three (3) level reduction." Aplt.'s Opening Br. at 11. According to Mr. Ramsey, if his counsel had informed him of this option, he would have received a sentence of 210 months instead of the 292-month sentence that he ultimately received.

## IV

We decline to grant Mr. Ramsey a COA on these two grounds. Both suffer from the same defect: Mr. Ramsey never raised them before the district court in the § 2255 proceedings below.

"We have long applied the rule that we do not consider issues not raised in the district court." *Owens v. Trammell*, 792 F.3d 1234, 1246 (10th Cir. 2015). Thus, if an "argument was not raised in [an appellant's] habeas petition, it is waived on appeal." *Id.*; *see also Harmon v. Sharp*, 936 F.3d 1044, 1085 (10th Cir. 2019) (Holmes, J., concurring) ("[I]n the AEDPA context, our precedent usually has treated arguments that petitioners have not advanced before the district court as waived    *viz.*, not subject to review at all."). This waiver principle holds true even if, as here, a prisoner generally alleges ineffective assistance of counsel in the district court and on appeal    yet includes new particular claims of ineffective assistance of counsel for the first time on appeal. *See Milton v. Miller*, 812 F.3d 1252, 1264 (10th Cir. 2016) ("Although this claim [in the defendant's COA request on appeal] and the Original Claim [in the original § 2255 petition] both allege ineffective assistance of counsel, they are separate claims. [Defendant] cannot allege an ineffective-assistance claim and then usher in anything fitting under that broad category as the same claim. Counsel can perform ineffectively in myriad ways.").

Mr. Ramsey's initial § 2255 motion raised twenty-two claims of ineffective assistance of counsel. Mr. Ramsey even later supplemented his initial motion with several additional claims. Yet, he never raised the precise two claims presented in his

COA request.  In light of our "general rule against considering issues for the first time on appeal," even in the habeas context, we will not consider these two new claims now as grounds for a COA.  *United States v. Viera*, 674 F.3d 1214, 1220 (10th Cir. 2012).

**V**

We therefore **DENY** Mr. Ramsey's request for a COA and **DISMISS** this matter.


ENTERED FOR THE COURT


Jerome A. Holmes
Circuit Judge