**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 12, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

LNV CORPORATION,

    Plaintiff - Appellee,

v.

MARY JULIA HOOK,

    Defendant - Appellant,

UNITED STATES OF AMERICA,

    Defendant - Appellee,

and

DAVID LEE SMITH; PRUDENTIAL
HOME MORTAGAGE COMPANY,
INC.; SAINT LUKES LOFTS
HOMEOWNER ASSOCATION, INC.;
DEBRA JOHNSON, in her official
capacity as the Public Trustee of the City
and County of Denver, Colorado,

    Defendants.

No. 20-1167
(D.C. No. 1:14-CV-00955-RM-SKC)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **PHILLIPS**, **McHUGH**, and **CARSON**, Circuit Judges.

_____

Mary Julia Hook, an attorney proceeding pro se, appeals from the district court's March 2, 2020, Order Confirming Judicial Sale. Exercising jurisdiction under 28 U.S.C. § 1291, we dismiss the appeal as frivolous.

Ms. Hook previously appealed from the judgment in the underlying foreclosure case. *See LNV Corp. v. Hook* (*Hook I*), 807 F. App'x 893 (10th Cir.), *cert. denied*, 141 S. Ct. 939 (2020). *Hook I* described Ms. Hook's arguments challenging the judgment as "wholly frivolous." *Id.* at 895. "As an attorney, she should have known that they lacked any merit before she argued them; and in large part, the appellees' briefs make that perfectly clear. We see no need to further educate Hook." *Id.* Accordingly, this court dismissed her appeal in *Hook I*. *See id.*

Ms. Hook's opening brief largely reiterates the "wholly frivolous" arguments she offered in *Hook I*. But given the law of the case doctrine, we will not revisit those arguments. *See Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1099 (10th Cir. 2017) ("[W]hen a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case. An appellate court decision on a particular issue . . . governs the issue during all later stages of the litigation in the district court and thereafter on any further appeal." (citations and internal quotation marks omitted)). There are exceptions to the doctrine, *see id.*, but none applies here. And Ms. Hook's request that this panel vacate and set aside *Hook I* disregards well-established law that one panel cannot

2

overrule the decision of another panel, absent intervening en banc or Supreme Court authority. *See Strain v. Regalado*, 977 F.3d 984, 993 (10th Cir. 2020).

In addition to previously raised arguments, the opening brief appears to advance new arguments challenging the April 2019 judgment. But the subject of this appeal is the Order Confirming Judicial Sale, not the judgment. All challenges to the judgment could, and should, have been raised in *Hook I*.

The few assertions in the opening brief that may be relevant to the Order Confirming Judicial Sale are inadequately briefed. *See Fuerschbach v. Sw. Airlines Co.*, 439 F.3d 1197, 1209-10 (10th Cir. 2006) (collecting authorities holding that inadequately briefed and underdeveloped theories are waived). Ms. Hook's conclusory assertions of procedural error fail to sufficiently identify or argue any violations. She criticizes the district court for not holding a hearing before it issued the Order Confirming Judicial Sale, but she does not show that she was entitled to such a hearing, or even that she requested one. And she makes no argument for plain error. *See Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1131 (10th Cir. 2011) ("[T]he failure to argue for plain error and its application on appeal . . . surely marks the end of the road for an argument for reversal not first presented to the district court.").

Finally, Ms. Hook asserts that the district court was biased against her because it denied her motion to proceed on appeal without prepayment of fees and costs. But as we have previously explained to her, "adverse rulings alone do not demonstrate judicial bias," meaning that an "argument rel[ying] solely on the district court's

adverse rulings . . . is devoid of merit." *Hook I*, 807 F. App'x at 895 (brackets and internal quotation marks omitted).

For these reasons, this appeal is dismissed as frivolous. *See Ford v. Pryor*, 552 F.3d 1174, 1180 (10th Cir. 2008) ("An appeal is frivolous when the result is obvious, or the appellant's arguments of error are wholly without merit." (internal quotation marks omitted)). LNV Corporation's pre-briefing motions to dismiss the appeal and to release a notice of lis pendens are denied as moot. The requests in Ms. Hook's reply briefs for sanctions and attorney discipline are denied.

Entered for the Court


Carolyn B. McHugh
Circuit Judge