**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 29, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

WILLIAM J. JAXTHEIMER,

Petitioner - Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE,

Respondent - Appellee.

No. 20-9003
(CIR No. 11061-17 L)
(United States Tax Court)

_____

**ORDER**
_____

Before **BACHARACH**, **BALDOCK**, and **EID**, Circuit Judges.
_____

This matter is before the court on appellant's petition for panel rehearing and

rehearing en banc. The petition for panel rehearing is denied. Upon consideration,

however, the panel sua sponte withdraws its previous Order and Judgment, filed on

April 20, 2021, and substitutes the attached Order and Judgment containing a revised

footnote 1. The revised footnote, which affirms the Tax Court's $2,000 sanction on

the merits rather than on the basis of waiver, does not change the result of this

appeal. The Clerk is directed to file the attached Order and Judgment nunc pro tunc

to April 20, 2021, the date the original Order and Judgment issued.

The petition for rehearing en banc and the substituted Order and Judgment

were transmitted to all of the judges of the court who are in regular active service.

As no member of the panel and no judge in regular active service on the court requested that the court be polled, that petition is also denied.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk

FILED
United States Court of Appeals
Tenth Circuit

April 20, 2021

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

WILLIAM J. JAXTHEIMER,

    Petitioner - Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE,

    Respondent - Appellee.

No. 20-9003
(CIR No. 11061-17 L)
(United States Tax Court)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **BALDOCK**, and **EID**, Circuit Judges.
_____

William J. Jaxtheimer appeals pro se from a Tax Court order upholding the

IRS's imposition of a notice of a federal tax lien and a penalty for filing a frivolous

tax return.  Exercising jurisdiction under 26 U.S.C. § 7482(a)(1), we affirm.

I

Jaxtheimer failed to file tax returns for tax years 2006 through 2008.  The IRS

therefore calculated his taxes and prepared substitute returns on his behalf using

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

third-party information. The IRS sent him notices of deficiency, and when he failed to respond, it assessed penalties and interest. Additionally, IRS records indicated that Jaxtheimer filed three frivolous tax returns associated with tax year 2013. Although the IRS did not produce the actual returns, its records indicated his returns were classified as frivolous because they reported no income despite third-party information reporting otherwise. Based on this information, the IRS assessed three separate penalties, each for $5,000, for filing three frivolous returns. *See* 26 U.S.C. § 6702. Jaxtheimer's total liability was $98,753.

Eventually, the IRS recorded a federal tax lien against Jaxtheimer's property and mailed him a notice of the lien and of his right to a collection due process (CDP) hearing before the IRS Office of Appeals. Jaxtheimer requested a CDP hearing to challenge the appropriateness of the collection activity and his underlying liability for the penalties. But before the hearing, he failed to provide his tax returns from 2006 through 2008, despite the Office of Appeals' repeated requests that he do so. Instead, he challenged the admissibility of the IRS's evidence, claimed the IRS unlawfully assessed his tax liability, and asserted he was not a "taxpayer," among other things, R., Vol. 2 at 190 (internal quotation marks omitted).

The Office of Appeals transferred the CDP hearing from Memphis to Denver to accommodate Jaxtheimer's request for a face-to-face hearing, but on the day of the hearing Jaxtheimer "opted for a telephone hearing," *id.* at 38. Although he offered several arguments, some of which the Office of Appeals characterized as frivolous, he provided no documentation to support his challenge to his underlying liability, and

2

he declined collection alternatives. Consequently, the Office of Appeals issued a notice of determination concluding that the IRS followed all legal and procedural requirements and the notice of the federal tax lien appropriately balanced the need for efficient collection of taxes against Jaxtheimer's legitimate concerns that the collection action be no more intrusive than necessary. *See Cropper v. Comm'r*, 826 F.3d 1280, 1282-83 (10th Cir. 2016) (explaining the parameters of a CDP hearing). The Office of Appeals sustained the notice of the federal tax lien and the penalties.

Jaxtheimer subsequently petitioned the Tax Court for review. In his petition, he argued that his income was not taxable under "fundamental law." R., Vol. 1 at 3. He also moved the Tax Court to dismiss his case, insisting he was not a "taxpayer" over whom the IRS and the Tax Court had jurisdiction. *Id.* at 136. According to Jaxtheimer, the Tax Court lacked jurisdiction because the IRS failed to identify any revenue law that subjected him, his property, or his activities to taxes or required him to file tax returns. And at trial, he urged the Tax Court to rule on his motion to dismiss before considering the merits of the case, arguing that the Tax Court could not consider the merits of his case if it lacked jurisdiction. Rejecting this argument, the Tax Court explained that it could hear parallel arguments on its jurisdiction and the merits and later issue an appropriate decision after taking the arguments under advisement. The Tax Court also warned Jaxtheimer that he could be sanctioned under 26 U.S.C. § 6673 for advancing frivolous arguments. Indeed, the IRS moved the Tax Court to impose sanctions for raising such arguments.

3

On December 16, 2019, the Tax Court rendered its findings and opinion, first ruling that it had jurisdiction over the case because the Office of Appeals issued a notice of determination sustaining the notice of the federal tax lien and Jaxtheimer petitioned the Tax Court for review. Second, the Tax Court ruled that Jaxtheimer could not challenge his underlying tax liability because he failed to provide his tax returns or submit any evidence in the Office of Appeals to support his claim, and in any event, he offered only frivolous arguments that he was not subject to taxes. Third, the Tax Court concluded that Jaxtheimer was liable for only one of the three frivolous-return penalties because the IRS failed to sustain its burden to demonstrate the other two penalties were not duplicates for filing a single frivolous return. Last, the Tax Court denied the IRS's motion for sanctions but warned Jaxtheimer once again that he could face sanctions up to $25,000 under § 6673 if he persisted in making frivolous arguments.

Undeterred, Jaxtheimer moved the Tax Court to vacate its decision, claiming it was void because he was not subject to taxes and no specific revenue law required him to file a tax return. Separately, he also moved the Tax Court to reconsider its findings and opinion, arguing he was beyond the "legislative jurisdiction of . . . Congress" and there was no revenue law requiring him to pay taxes, classifying him as a "taxpayer," or mandating that he file a tax return. R., Vol. 3 at 116 (internal quotation marks omitted). The Tax Court summarily denied both of his motions, ruling that they "advance[d] only frivolous arguments." *Id.* at 135. The Tax Court also imposed a $2,000 penalty against Jaxtheimer under § 6673 because he persisted

4

in making frivolous arguments despite the Tax Court's previous admonishments not to do so. Jaxtheimer subsequently appealed.

## II

Where, as here,

> the Tax Court decision rests on its review of an Office of Appeals' determination following a CDP hearing, we apply the same standards as the Tax Court. Thus, we review the Office of Appeals' determinations about challenges to the amount of the underlying tax liability de novo and its administrative determinations unrelated to the amount of tax liability for abuse of discretion.

*Cropper*, 826 F.3d at 1284. We liberally construe Jaxtheimer's pro se materials, but we do not act as his advocate. *Ford v. Pryor*, 552 F.3d 1174, 1178 (10th Cir. 2008).

On appeal, Jaxtheimer continues to challenge his underlying tax liability and the frivolous-return penalty, but he offers only frivolous tax-protester arguments.[1] We will only briefly address these arguments because we have previously rejected them and similar contentions as "completely lacking in legal merit and patently frivolous," *Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990).

First, throughout his brief, Jaxtheimer contends the IRS and the Tax Court lacked jurisdiction over him because he is "one of the Posterity of We People, living and working within the exterior boundaries of the several States." Aplt. Br. at 10. In *Lonsdale*, we rejected similar arguments that "individuals (free born, white, preamble, sovereign, natural, individual common law de jure citizens of a state, etc.)

---

[1] Jaxtheimer also summarily challenges the Tax Court's $2,000 sanction for making frivolous arguments, but this argument fails for the same reason all his other arguments do.

are not persons subject to taxation" and that "the authority of the United States is confined to the District of Columbia." 919 F.2d at 1448 (internal quotation marks omitted); *see also Ford*, 552 F.3d at 1177 n.2 (rejecting as frivolous an argument that taxpayer was "not subject to the income tax because he [was] a non[-]resident alien to the political jurisdiction of the United States" (internal quotation marks omitted)).

Second, Jaxtheimer contends *Pollock v. Farmers' Loan & Trust Company*, 157 U.S. 429 (1895), requires apportionment for direct taxes on personal employment income. But *Lonsdale* rejected the argument that "the income tax is a direct tax which is invalid absent apportionment, and *Pollock* . . . is authority for that and other arguments against the government's power to impose income taxes on individuals." *Lonsdale*, 919 F.2d at 1448.

Third, Jaxtheimer contends the Sixteenth Amendment did not extend any new taxing powers or change the requirement that income taxes be apportioned. Yet *Lonsdale* rejected the argument that "the Sixteenth Amendment . . . is either invalid or applies only to corporations." *Id.*

Fourth, Jaxtheimer contends the IRS failed to distinguish "between a tax on income that may be enforceable as an excise[,] and a tax on income that burdens accumulation of property[, which is] subject to . . . apportionment." Aplt. Br. at 14. To the extent this contention suggests that income from excise activities is taxable, but income from other activities such as labor are not taxable, *Lonsdale* rejected the premise that "wages are not income," 919 F.2d at 1448.

6

Fifth, denying he is a "taxpayer," Jaxtheimer contends the IRS and the Tax Court identified no internal revenue law that classified him as a "taxpayer" subject to taxes. To the extent this argument suggests he is not required to pay taxes so long as he denies that he is a taxpayer, *Lonsdale* rejected similar arguments that "the income tax is voluntary" and that "no statutory authority exists for imposing an income tax on individuals," *id.*[2]; *see also Ford*, 552 F.3d at 1177 n.2 (rejecting as frivolous taxpayer's arguments that "income taxes do not apply to him").

Last, Jaxtheimer contends no internal revenue law requires him to file tax returns and he breached no duty under "common or natural law" to file a return, Aplt. Br. at 22. But *Lonsdale* rejected the argument that "individuals are not required to file tax returns fully reporting their income." 919 F.2d at 1448; *see also Ford*, 552 F.3d at 1177 n.2 (rejecting as frivolous taxpayer's argument that "he is not required to file tax returns").

In short, Jaxtheimer's frivolous tax-protester arguments provide no basis for upsetting the Tax Court's judgment.

---

[2] In his reply brief, Jaxtheimer dismisses *Lonsdale* as applicable only to "taxpayers." We decline to indulge this frivolous argument, which is merely an extension of his flawed premise that taxes are voluntary for those who submit to the tax laws.

## III

Accordingly, the judgment of the Tax Court is affirmed.

Entered for the Court


Bobby R. Baldock
Circuit Judge

8