**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**May 3, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

PHILLIP LEE KELLEY,

    Plaintiff - Appellant,

v.

KEVIN STITT; LARRY MORRIS;
ADAM LUCK; SCOTT WILLIAMS;
ALLEN MCCALL,

    Defendants - Appellees.

No. 23-6200
(D.C. No. 5:23-CV-00747-R)
(W.D. Okla.)

_____

### ORDER AND JUDGMENT[*]
_____

Before **MATHESON**, **BALDOCK**, and **McHUGH**, Circuit Judges.
_____

Phillip Lee Kelley, an Oklahoma inmate appearing pro se,[1] appeals the dismissal of his 42 U.S.C. § 1983 claims against various prison officials. Exercising jurisdiction under 28 U.S.C. § 1291, we dismiss this appeal as frivolous.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Kelley proceeds pro se, we construe his arguments liberally, but we "cannot take on the responsibility of serving as [his] attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Mr. Kelley's § 1983 complaint presented two claims:  (1) that the governor of Oklahoma violated his constitutional rights by not signing legislation that would have brought about sentencing reform in the state and (2) that the lack of uniform criteria or specific rules governing Oklahoma's pardon and parole proceedings denied him due process of law.  He sought to proceed in forma pauperis (IFP), under 28 U.S.C. § 1915.  He originally sought to join as plaintiffs thirty other prisoners, but only he signed the complaint.  The magistrate judge recommended dismissal of all other plaintiffs.  Mr. Kelley then amended his complaint.  The magistrate judge then recommended dismissal of the amended complaint for failure to state a claim. Mr. Kelley timely filed objections to the recommendation.  The district court overruled the objections, adopted the recommendation, and dismissed the action without prejudice.  This appeal followed.

"We review de novo the district court's decision to dismiss an IFP complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).  In so doing, "[w]e apply the same standard of review . . . that we employ for Federal Rule of Civil Procedure 12(b)(6) motions to dismiss . . . ." *Id.*  "Under this standard, we must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1282 (10th Cir. 2019) (internal quotation marks omitted).

Mr. Kelley's arguments on appeal do not engage with the reasoning in the district court's order or in the magistrate judge's report and recommendation.  He

2

reiterates the logic underlying his claims, but he in no way addresses the core reason for the dismissal: he "cannot use a § 1983 action to challenge the fact or duration of his confinement. He must seek federal habeas corpus relief (or appropriate state relief) instead." *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (internal citations and quotation marks omitted).

So, for the reasons set forth in the district court's order adopting the magistrate judge's report and recommendation, we dismiss the appeal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). *See Ford v. Pryor*, 552 F.3d 1174, 1180 (10th Cir. 2008) ("An appeal is frivolous when the result is obvious." (internal quotation marks omitted)). We deny Mr. Kelley's motion to proceed IFP. *See DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991) ("In order to succeed on [an IFP] motion, an appellant must show . . . the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal."). We also deny his motion for summary disposition.

This dismissal, in addition to the district court's dismissal, operates as a strike under § 1915(g), so Mr. Kelley now has two strikes. *See Jennings v. Natrona Cnty. Ctr. Med. Facility*, 175 F.3d 775, 780 (10th Cir. 1999), *overruled in part on other grounds*, *Coleman v. Tollefson*, 135 S. Ct. 1759 (2015).

Entered for the Court

Bobby R. Baldock
Circuit Judge

3