**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 24, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

_____

MICHAEL VILLECCO,

　　Plaintiff - Appellant,

v.

JOSEPH M. BARELA, in his official
capacity as Executive Director of the
Colorado Department of Labor and
Employment,

　　Defendant - Appellee.

_____

MICHAEL VILLECCO,

　　Plaintiff - Appellant,

v.

JOSEPH M. BARELA, in his official
capacity as Executive Director of the
Colorado Department of Labor and
Employment; PHILIP E. SPESSHARDT,
in his official capacity as Director of the
Division of Unemployment Insurance,

　　Defendants - Appellees.

No. 24-1006
(D.C. No. 1:21-CV-02176-DDD-STV)
(D. Colo.)

No. 24-1008
(D.C. No. 1:22-CV-02403-DDD-STV)
(D. Colo.)

_____

### ORDER AND JUDGMENT[*]

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral

_____

Before **BACHARACH**, **McHUGH**, and **FEDERICO**, Circuit Judges.

_____

Pro se litigant Michael Villecco[1] appeals two district court orders striking all pending post-judgment motions and objections in two civil actions he filed in the United States District Court for the District of Colorado.[2] We affirm the district court's orders striking all pending motions and objections in both of Mr. Villecco's cases. We also restrict Mr. Villecco from appealing in forma pauperis ("IFP") any post-judgment order in a civil case if his appeal from the final judgment in that case was dismissed for failure to prosecute, effective twenty days from the date of this order and judgment unless it is modified or withdrawn in response to Mr. Villecco's timely objections.

---

estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

[1] Because Mr. Villecco proceeds pro se, "we liberally construe his filings, but we will not act as his advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

[2] Mr. Villecco filed a single opening brief for both Appeal No. 24-1006 and Appeal No. 24-1008. Thus, we consider these appeals together and the use of "Appellant's Brief" in this order refers to that opening brief in both cases.

## I.        BACKGROUND[3]

This order relates to two appeals from two separate civil cases brought by Mr. Villecco in the District of Colorado, Appeal No. 24-1006 and Appeal No. 24-1008.

**1.        Appeal No. 24-1006**

On August 10, 2021, Mr. Villecco filed suit against Joseph M. Barela, in his official capacity as Executive Director of the Colorado Department of Labor and Employment.[4] Mr. Villecco alleged violations of the Social Security Act, the Due Process Clause, and the Equal Protection Clause stemming from the denial of Pandemic Unemployment Assistance benefits. Mr. Barela filed a Motion to Dismiss, and on August 18, 2022, the district court granted that motion. On September 19, 2022, the district court entered final judgement. Mr. Villecco appealed that final judgment, but his appeal was eventually dismissed pursuant to Tenth Circuit Rule 42.1 for failure to prosecute.

Mr. Villecco also filed a flurry of post-judgment motions in the district court, including a Motion to Perpetuate Evidence Pending Appeal, which the magistrate judge rejected as moot, and an objection to the magistrate judge's order on the

---

[3] This section describes Mr. Villecco's civil cases pending before the District of Colorado at the time of these appeals. It does not include new filings by Mr. Villecco that post-date Mr. Villecco's filing of these appeals.

[4] Mr. Villecco initially filed suit on August 10, 2021, and filed an amended complaint on August 24, 2021.

motion, which the district judge overruled. He also filed a Motion for Sanctions, a Motion for Discovery to Vacate Order, a Motion to Vacate Clerk's Judgment, and a Motion for Injunction Pending Appeal, all four of which the district court denied. He then filed a motion to clarify the court's denials of the motions to vacate judgment and for an injunction, a motion to clarify the court's denial of that motion, and a subsequent motion to clarify the court's second denial, all of which the court denied. Mr. Villecco also filed a Motion for Documents, which the court granted, and moved the district court to recuse, which the court denied.

Finally, Mr. Villecco filed another Motion for an Injunction Pending Appeal, a Renewed Motion for Discovery and Renewed Motion for Sanctions, and a Motion to Strike Mr. Barela's responses to his motions, and moved for the district court to reconsider its denial of the prior Motion to Vacate Judgment. Together with these post-judgment motions, Mr. Villecco filed an additional five appeals, three of which had, at the time of this appeal, been dismissed pursuant to Tenth Circuit Rule 42.1 for failure to prosecute.

2.    **Appeal No. 24-1008**

On September 16, 2022, Mr. Villecco filed suit in the District of Colorado against Mr. Barela in his official capacity and Philip E. Spesshardt, in his official capacity as Director of the Division of Unemployment Insurance. Mr. Villecco alleged a violation of the Due Process Clause and failure to provide prompt determinations, prompt payments, and the opportunity for a fair hearing under 42 U.S.C. § 503(a)(1) and (a)(3) stemming from the denial of benefits under Colorado's

unemployment insurance program. The district court adopted a magistrate judge's report and recommendation to dismiss the case and entered final judgment on February 17, 2023. Mr. Villecco appealed, although his appeal was eventually dismissed pursuant to Tenth Circuit Rule 42.1 for failure to prosecute.

Over the subsequent nine months, Mr. Villecco filed several post-judgment motions, including a Motion for Clarification and Motion to File Nunc Pro Tunc, which the court granted in part and denied in part. Mr. Villecco then filed another Motion for Clarification and Motion to File Nunc Pro Tunc and Motion for Documents, which the court granted. He also filed a Motion to Perpetuate Evidence Pending Appeal, which the district court denied. Mr. Villecco further filed a Motion for Injunction Pending Appeal and a Motion to Supplement the Record on Appeal, both of which the court found moot due to the dismissal of the appeal for failure to prosecute. Undeterred, Mr. Villecco filed another Motion for Recusal, which the court denied, and a Renewed Motion for Sanctions, which a magistrate judge struck for failure to comply with District of Colorado Civil Rule 7.1. Next, Mr. Villecco filed an objection to the magistrate judge's order, two Motions for Clarification, and a Motion to File Nunc Pro Tunc. Mr. Villecco also filed three additional appeals, two of which had, at the time of this appeal, been dismissed pursuant to Tenth Circuit Rule 42.1 for failure to prosecute.

**3.    The December 6 Orders**

On December 6, 2023, the district court issued two orders striking all pending motions and objections in both of Mr. Villecco's cases (the "December 6 Orders").

The court did so pursuant to its "inherent power to regulate the activities of abusive litigants" and based on Mr. Villecco's "filing [of] repetitive cases and meritless motions and objections, fail[ure] to comply with court rules and orders, and fail[ure] to prosecute multiple cases and appeals." ROA, Appeal No. 24-1006, at 30–31; ROA, Appeal No. 24-1008, at 302–03.

Mr. Villecco timely appealed the December 6 Orders.

## II.　　DISCUSSION

### A.　*Waiver of Appeal*

Mr. Villecco has failed to make any argument challenging the December 6 Orders. Because Mr. Villecco has forfeited his right to our review of the district court's decisions, *see Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005), we affirm.

As has been noted, the district court struck all pending motions and objections in Mr. Villecco's cases. In his opening appellate brief, Mr. Villecco does not address the district court's invocation of its authority to impose carefully tailored restrictions on abusive litigants in certain circumstances, nor does he dispute the appropriateness of the court's invocation of that power in these cases. Rather than addressing the order, Mr. Villecco asserts that the district court judge's "habitual delay in a significant number of unrelated cases is prejudicial to the efficient administration of justice in [Mr. Villecco's] cases." Appellant's Br. at 3; *see also id.* at 2 ("[The district court judge's] habitual delay in a significant number of cases has left him without the capacity to perform the work of an active judge and such delays are prejudicial to the

efficient administration of justice."). Otherwise, Mr. Villecco's opening brief simply provides examples of the pending motions that the district court struck.[5]

"Arguments not clearly made in a party's opening brief are deemed waived." *Toevs v. Reid*, 685 F.3d 903, 911 (10th Cir. 2012); *see also Petrella v. Brownback*, 787 F.3d 1242, 1260 (10th Cir. 2015) ("When issues are not adequately briefed, they are deemed waived."). Thus, because Mr. Villecco has failed to make any argument related to the orders he purportedly appeals, he is not entitled to our review. *See Garrett*, 425 F.3d at 840–41 ("In short, the inadequacies of Plaintiff's briefs disentitle him to review by this court.").

### B.    Filing Restrictions

Furthermore, we conclude that Mr. Villecco has needlessly burdened this court with excessive and vexatious filings. As such, we impose a restriction on Mr. Villecco from appealing IFP any post-judgment order in a civil case if his appeal from the final judgment in that case was dismissed for failure to prosecute.

"[T]he right of access to the courts is neither absolute nor unconditional . . . ." *In re Winslow*, 17 F.3d 314, 315 (10th Cir. 1994) (per curiam) (alteration in original) (quotation marks omitted). "Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions in appropriate circumstances." *Ford v. Pryor*, 552 F.3d 1174, 1180 (10th Cir. 2008)

---

[5] Mr. Villecco claims the "backlogged" district court needs assistance to deal with his "languishing motions and objections." Appellant's Br. at 4. But the December 6 Orders resolved all of the pending motions and objections before the district court in both cases, so this is not a valid challenge to the orders.

(quotation marks omitted). Filing restrictions may be imposed where "the litigant's lengthy and abusive history is set forth; the court provides guidelines as to what the litigant may do to obtain its permission to file an action; and the litigant receives notice and an opportunity to oppose the court's order before it is implemented." *Id.* (quotation marks omitted).

Mr. Villecco's lengthy and abusive filing history is well documented. Mr. Villecco has filed a total of thirty appeals before this court since 2017. More recently, since September 2022, he has filed twenty-five appeals, including the two at issue in this order. These appeals all relate to the same four cases in the District of Colorado. Although Mr. Villecco appealed the district court's final decision in each of the four cases, he failed to prosecute those appeals. The remaining appeals relate to post-judgment orders in those same four cases. All told, seventeen of Mr. Villecco's twenty-five most recent appeals have been dismissed pursuant to Tenth Circuit Rule 42.1 for failure to prosecute.[6]

---

[6] *See Villecco v. Spesshardt*, No. 24-1074 (10th Cir. May 9, 2024) (order dismissing Mr. Villecco's appeal for lack of prosecution pursuant to Tenth Circuit Rule 42.1); *Villecco v. Barela*, No. 23-1385 (10th Cir. Mar. 26, 2024) (same); *Villecco v. Barela*, No. 23-1365 (10th Cir. Mar. 19, 2024) (same); *Villecco v. Barela*, No 23-1381 (10th Cir. Feb. 28, 2024) (same); *Villecco v. Spesshardt*, No. 24-1004 (10th Cir. Feb 1, 2024) (same); *Villecco v. Spesshardt*, No. 23-1382 (10th Cir. Jan. 9, 2024) (same); *Villecco v. Spesshardt*, No. 23-1383 (10th Cir. Jan 3, 2024) (same); *Villecco v. Barela*, No. 23-1322 (10th Cir. Dec. 27, 2023) (same); *Villecco v. Spesshardt*, No. 23-1321 (10th Cir. Nov. 17, 2023) (same); *Villecco v. Barela*, No. 23-1261 (10th Cir. Oct. 27, 2023) (same); *Villecco v. Barela*, No. 23-1260 (10th Cir. Oct. 26, 2023) (same); *Villecco v. Barela*, No. 23-1235 (10th Cir. Oct. 3, 2023) (same); *Villecco v. Spesshardt*, No. 23-1255 (10th Cir. Sept. 7, 2023) (same); *Villecco v. Spesshardt*, No. 23-1194 (10th Cir. July 10, 2023) (same); *Villecco v. Barela*, No. 23-1083 (10th Cir. June 28, 2023) (same); *Villecco v. Barela*, No. 23-

Consequently, we notify Mr. Villecco of our intent to restrict him from appealing IFP any post-judgment order in a civil case if his appeal from the final judgment in that case was dismissed for failure to prosecute. This restriction is properly tailored to the pattern of abusive behavior outlined above. Mr. Villecco shall have ten days from the date of this order and judgment to file written objections, limited to ten pages, to these proposed restrictions. Unless we order otherwise upon review of any objections, the restrictions shall take effect twenty days from the date of this order and judgment and shall apply to any appeal filed by Mr. Villecco after that time.

### III.        CONCLUSION

For the foregoing reasons, we AFFIRM the district court in Appeal No. 24-1006 and Appeal No. 24-1008.

We also restrict Mr. Villecco from appealing IFP any post-judgment order in a civil case if his appeal from the final judgment in that case was dismissed for failure to prosecute. Consistent with the parameters for objecting we have provided to Mr. Villecco *supra*, the restrictions shall take effect twenty days from the date of this

---

1132 (10th Cir. May 19, 2023) (same); *Villecco v. Barela*, No. 22-1295 (10th Cir. Nov. 21, 2022) (same).

9

order and judgment and shall apply to any appeal filed by Mr. Villecco after that time.

Entered for the Court


Carolyn B. McHugh
Circuit Judge
