**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 6, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

STEVEN A. DeLOGE,

    Plaintiff - Appellant,

v.

BRIDGET HILL, Attorney General of the
State of Wyoming, in her official capacity;
JENNY L. CRAIG, Deputy Attorney
General of the State of Wyoming, in her
official capacity; SYLVIA LEE HACKL,
District Attorney for Laramie County,
Wyoming, in her official capacity; DIANE
M. LOZANO, State Public Defender, in
her official capacity; CAROL A.
SERELSON, Senior Assistant Public
Defender, in her official capacity,

    Defendants - Appellees.

No. 25-8006
(D.C. No. 2:24-CV-00237-ABJ)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **BALDOCK**, and **KELLY**, Circuit Judges.
_____

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Steven A. DeLoge, a Wyoming state prisoner proceeding *pro se*, appeals from the District Court's order dismissing his complaint without prejudice pursuant to its screening obligations under 28 U.S.C. § 1915A. As explained below, part of this appeal is moot and must be dismissed. With respect to what remains, we exercise our jurisdiction under 28 U.S.C. § 1291 to affirm.

## I.    Background

In 2000, DeLoge was sentenced to six consecutive life sentences after being convicted on multiple counts of second-degree sexual assault. He has filed so many challenges to his conviction that he is subject to filing restrictions in Wyoming state court, a status that he challenged unsuccessfully in federal court in 2021. *DeLoge v. Davis*, No. 21-8025, 2021 WL 6143719 (10th Cir. Dec. 30, 2021) (holding the *Rooker-Feldman*[1] doctrine barred DeLoge's challenge to state filing restrictions). And in the district court's order dismissing this action, DeLoge was warned "that further abusive filings will result in restrictions placed on his ability to file pleadings in the District of Wyoming." R. at 63.

This case challenges the state's denial of a motion DeLoge filed under Wyoming's "Post-Conviction DNA Testing" and "Post-Conviction Determination of Factual Innocence" Acts. *See* Wyo. Stat. Ann. §§ 7-12-302 to 315 and 7-12-401 to

---

[1] "Generally, the *Rooker-Feldman* doctrine precludes lower federal courts from effectively exercising appellate jurisdiction over claims actually decided by a state court and claims inextricably intertwined with a prior state-court judgment." *PJ ex rel. Jensen v. Wagner*, 603 F.3d 1182, 1193 (10th Cir. 2010) (internal quotation marks omitted).

407. Specifically, he challenges the constitutionality of § 7-12-303(d), a provision of the DNA Testing Act that limits the trial court's authority to order DNA testing. He also claims the state court violated his due process rights in implementing § 7-12-308 of the Act, which entitles "needy" persons seeking DNA testing to appointed counsel.

DeLoge submitted a request for appointment of counsel under the DNA Testing Act in November 2021. In response, the court appointed the Office of the Wyoming Public Defender to represent him but limited the scope of the representation to "advising [DeLoge] concerning his wish to file a motion under" the DNA Testing Act. R. at 32 (internal quotation marks omitted). DeLoge made several objections throughout the appointment-of-counsel process. He argued the public defender's office had a conflict of interest because it had represented him in his direct appeal and plea withdrawal proceedings. And he disputed the court's authority to restrict the scope of the appointment. After a hearing, the court overruled those objections.

Represented by the public defender, DeLoge proceeded to file his motion under § 7-12-303. He argued, and continues to argue, that trace amounts of his DNA allegedly found on the vaginal swab taken from the victim's rape kit were not consistent with the prosecution's sexual assault theory. He claims the state collected several items of clothing from the victim that also contained biological evidence, but those items were never tested. DeLoge argues if those additional items were tested for DNA, the results "would exclude him and potentially reveal who, if anyone, had committed the alleged sexual assaults." R. at 9.

3

After DeLoge filed his motion, the district attorney's office agreed to a stipulated order allowing testing to commence. But the court rejected that stipulation, explaining it was obligated under the statute to hold a hearing. After holding a hearing, the court denied DeLoge's motion under § 7-12-303(d), which at that time provided as follows:

> The court may not order DNA testing in cases in which the trial . . . occurred after January 1, 2000 and the person did not request DNA testing or present DNA evidence for strategic or tactical reasons or as a result of a lack of due diligence, unless the failure to exercise due diligence is found to be a result of ineffective assistance of counsel. A person convicted before January 1, 2000 shall not be required to make a showing of due diligence under this subsection.

§ 7-12-303(d) (West 2008).[2] DeLoge was convicted after January 1, 2000, and the trial court found his failure to seek additional DNA testing was either the product of deliberate choice or a lack of due diligence, thus prohibiting relief under the Act. DeLoge petitioned for review of the court's decision in the Wyoming Supreme Court, but his petition was denied. He also requested permission from that court to file a complaint for declaratory judgment, but that request also was denied. He then filed this 42 U.S.C. § 1983 action against the Wyoming Attorney General, the Laramie County District Attorney, the Wyoming Public Defender and various individual attorneys within those offices.

---

[2] As discussed below, § 7-12-303(d) was recently amended to change the date of applicability from January 1, 2000, to July 1, 2008. For purposes of explaining the relevant background, we cite the version that was in effect when DeLoge's motion was adjudicated.

4

The complaint asserted three claims. First, DeLoge alleged that § 7-12-303(d) arbitrarily distinguishes between persons convicted before January 2000 and those, like him, who were convicted after that date. This arbitrary distinction, he claims, constructively limits access to DNA testing to individuals convicted before January 2000 in violation of the Equal Protection Clause. Based on this same reasoning, and the state court's limitation on the scope of his counsel's representation, DeLoge's second claim asserted a due process challenge to the statutory scheme. His third claim accuses the defendants of denying him meaningful access to the courts in violation of his First Amendment right to petition the government for redress of grievances. His complaint sought declaratory and injunctive relief along with an award of attorneys' fees.

## II.    The District Court's Order

Pursuant to its screening obligation under 28 U.S.C. § 1915A, the district court dismissed DeLoge's complaint sua sponte without prejudice. The court acknowledged that under *Skinner v. Switzer*, 562 U.S. 521, 525 (2011), "a postconviction claim for DNA testing is properly pursued in a § 1983 action." But as explained below, it concluded DeLoge lacked standing to challenge the constitutionality of the DNA Testing Act and that his claims were barred by the *Rooker-Feldman* doctrine.

The court dismissed DeLoge's first claim for lack of standing because it found he failed to allege a concrete injury. "To have Article III standing to sue in federal court, plaintiffs must demonstrate, among other things, that they suffered a concrete

5

harm." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 417 (2021). The district court held DeLoge could not make this showing regardless of the constitutionality of § 7-12-303(d) because he "admits in his complaint that his DNA was found on a vaginal swab from the victim's rape kit." R. at 59. The court explained, in addition to the requirements of § 7-12-303(d), the DNA Testing Act requires the movant to show that the new DNA evidence "has the potential" to "establish the movant's actual innocence." § 7-12-303(c)(ix). Because DeLoge conceded his DNA was found on the vaginal swab, and because the presence of someone else's DNA on the victim's clothing would not erase that fact, the court concluded additional testing could not establish DeLoge's actual innocence. Therefore, he would be ineligible for relief even if the court determined § 7-12-303(d) violated equal protection, and he thus failed to plead a concrete injury for standing purposes.

To the extent DeLoge's remaining claims survived the court's standing analysis, it held them barred by the *Rooker-Feldman* doctrine. The court acknowledged DeLoge's complaint explicitly disclaimed any challenge to a state court judgment. But it held that disclaimer was insufficient to overcome *Rooker-Feldman* given the substance of DeLoge's arguments. As the court noted, DeLoge's due process challenge was based on two actions of the state court—first, its refusal to appoint alternate counsel to mitigate DeLoge's conflict-of-interest concerns, and second, its rejection of the testing stipulation worked out by counsel in favor of holding a hearing. DeLoge did not argue the statute regarding appointment of counsel was unconstitutional. Rather, he took issue with the state court's rulings on

his objections during the appointment process. The district court held those arguments directly challenged the state court's decisions and therefore were barred by *Rooker-Feldman*.

Finally, with respect to DeLoge's claim that his filing restrictions violate his constitutional right of access to the courts, the district court noted this court already rejected this challenge. *See DeLoge*, 2021 WL 6143719, at *2. As we explained in that case, the *Rooker-Feldman* doctrine bars lower federal courts from considering the legality of the Wyoming Supreme Court's filing restrictions. The district court held that bar extends to the restrictions' applicability to DeLoge's efforts under the DNA Testing Act.

## III.    Discussion

We review de novo a district court's § 1915A(b) dismissal for failure to state a claim. *See Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009). "We must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Id.* (internal quotation marks omitted). Because DeLoge is a pro se litigant, "we construe his pleadings liberally, but we do not act as his advocate." *Ford v. Pryor*, 552 F.3d 1174, 1178 (10th Cir. 2008).

DeLoge raises three arguments on appeal. The first relates to his constitutional challenge to § 7-12-303(d). DeLoge contends the district court misconstrued his allegations regarding the evidence of his own DNA and in doing so (1) erroneously usurped the power of the state court; and (2) wrongly concluded additional DNA testing could not exonerate him. We need not address these

7

arguments, however, because a recent amendment to § 7-12-303(d) has mooted

DeLoge's constitutional challenge.[3]  As of July this year, a person seeking to take

advantage of Wyoming's DNA Testing Act, "shall not be required to make a showing

of due diligence" if he was convicted "on or before *July 1, 2008*."  § 7-12-303(d)

(West 2025) (emphasis added).  DeLoge was convicted in 2000.  Accordingly, the

due diligence requirement of § 7-12-303(d) no longer applies to him.  And we have

"no authority to give opinions upon moot questions or abstract propositions, or to

declare principles or rules of law which cannot affect the matter in issue" in this case.

*Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) (internal

quotation marks omitted).

DeLoge likely will face hurdles if he wishes to seek relief under the revised

statute, beginning with his filing restrictions.  But he has identified no provision

within the statute or elsewhere that would bar him from filing another request for

DNA testing.  To the contrary, his Rule 28(j) letter promises a renewed challenge if

the statute's constitutionality is not resolved in this action.  Basic principles of

Article III standing, however, prevent DeLoge from challenging a statutory scheme

that cannot injure him.  To establish standing, a plaintiff must first show he suffered

an injury in fact, that is "an invasion of a legally protected interested that is (a)

concrete and particularized, and (b) actual or imminent, not conjectural or

---

[3] We note DeLoge is aware of the amendment.  On September 17, 2025, he filed a motion asking this court to take judicial notice of the revisions to § 7-12-303(d).  We construe that motion as a letter under Fed. R. App. P. 28(j).

hypothetical." *Schaffer v. Clinton*, 240 F.3d 878, 882 (10th Cir. 2001) (internal quotation marks omitted). This "doctrine is especially significant when federal courts sit in judgment over duly enacted state laws, given our concern about the proper—and properly limited—role of the courts in a democratic society." *Schutz v. Thorne*, 415 F.3d 1128, 1132-33 (10th Cir. 2005) (internal quotation marks omitted).

As amended, the due diligence requirement of § 7-12-303(d) no longer applies to DeLoge, who was convicted long before July 2008. Whether the provision violates the equal protection rights of others is the quintessential hypothetical question we lack jurisdiction to consider. "'A federal court cannot pronounce any statute, either of a state or of the United States, void, because irreconcilable with the constitution, except as it is called upon the adjudge the legal rights of litigants in actual controversies.'" *Schaffer*, 240 F.3d at 883 (quoting *Baker v. Carr*, 369 U.S. 186, 204 (1962)). The ultimate question of whether § 7-12-303(d) is constitutional "is distinct from the antecedent issue of whether [DeLoge] has standing" to raise the question. *Id.* Because we conclude he does not, we must dismiss this appeal to the extent it challenges the constitutionality of § 7-12-303(d). *See Church of Scientology*, 506 U.S. at 12 (explaining, "if an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, the appeal must be dismissed").

With respect to both his second and third claims, DeLoge argues the district court erred in applying *Rooker-Feldman* because he is raising a general challenge to the constitutionality of state statutes, not disputing any particular judgment. Having

reviewed his complaint de novo, we reject this argument for substantially the same reasons articulated by the district court in its opinion, dated December 20, 2024.

## IV.    Conclusion

DeLoge's appeal from the district court's dismissal of his first claim is dismissed as moot.  The district court's judgment with respect to his remaining claims is affirmed.

Because we construe DeLoge's submission concerning revised § 7-12-303(d) as a Rule 28(j) letter, which we have considered, the "Motion for Court to Take Judicial Notice of Revision in Underlying State Statute" is denied as unnecessary.

Entered for the Court

Bobby R. Baldock
Circuit Judge